Lester BROOKS *v.* STATE of Arkansas

CR 90-9                                        792 S.W.2d 617

Supreme Court of Arkansas
Substituted Opinion delivered July 16, 1990

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y

190

Gen., for appellee.

PER CURIAM. The petitioner was convicted of two counts of theft of property and sentenced to six years for one charge and eight years for the other, to be served concurrently. The Arkansas Court of Appeals affirmed the conviction in an opinion not designated for publication. *Brooks* v. *State*, CA CR 88-290 (September 27, 1989). The petitioner now seeks permission to proceed in circuit court for post-conviction relief pursuant to Rule 37.

The petitioner claims that he was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

The petitioner argues that his attorney was ineffective because he failed to investigate prior to trial and interview potential witnesses. The petitioner fails to say what witnesses or relevant facts the attorney could have found had he adequately investigated and prepared the case. Therefore, the allegations are conclusory and will not provide a basis for post-conviction relief. *Smith* v. *State*, 264 Ark. 329, 571 S.W.2d 591 (1978).

The petitioner's chief claim is that his counsel was ineffective

for failing to object to two security guards' testimony of the value of the stolen merchandise because the information was taken from the price tag. The petitioner argues that had his attorney objected, the value of the property would have been excluded and the state would not have had sufficient proof to prove the felony theft of property. Ark. Code Ann. § 5-36-103(b)(2)(A) (1987) provides that theft of property is a Class C felony if the value of the property is less than $2,500 but more than $200; otherwise, theft of property is a class A misdemeanor. Ark. Code Ann. § 5-36-103(b)(4) (1987). A security guard from M. M. Cohn testified that the value of the shirts that the petitioner took from the store was $257.00. A security guard from Montgomery Ward testified that the value of the sheets taken from the store totalled $214.96. The price tags were admitted into evidence. In considering the petitioner's argument on appeal that there was insufficient evidence of felony theft of property, the court of appeals conceded that the value of the items was established by hearsay testimony; however, because there was no objection at trial to the testimony, the court considered the evidence as sufficient to establish that the value of the items was in excess of $200.00.

It is necessary to show that the market value of the property stolen was more than the statutory minimum for a felony conviction. *Hammond* v. *State*, 232 Ark. 692, 340 S.W.2d 280 (1960), *see also* Ark. Code Ann. § 5-36-103(b) (1987). This court has found in a case similar to the case at bar that a security guard's testimony as to value, based on a price tag, is hearsay and is inadmissible to prove the value of the stolen property. *Lee* v. *State*, 264 Ark. 384, 571 S.W.2d 603 (1978). *See also Doby* v. *State*, 28 Ark. App. 23, 770 S.W.2d 666 (1989). It is necessary in a case like this to have someone testify who has actual knowledge of the property's fair market value. Since no such witness testified in this case, and the evidence of value was hearsay, we grant the petition so that the trial court can determine whether the petitioner's attorney was ineffective in failing to make a hearsay objection.

The petitioner also claims that his counsel should have requested a jury instruction on misdemeanor theft. Since this was a case tried to the bench, jury instructions were not used so the allegation is without merit. Moreover, counsel did ask the court to reduce the theft counts to misdemeanors, but the motion was

denied.

■ The petitioner asks that he be furnished a copy of the transcript, record, files and docket sheets relating to his case to assist in preparation for the Rule 37 hearing. A petitioner is not entitled to a free copy of the trial record or other material on file with this court unless he demonstrates some reasonably compelling need for specific documentary evidence to support an allegation contained in a petition for post-conviction relief. *See Austin* v. *State*, 287 Ark. 256, 697 S.W.2d 914 (1985); *see Chavez* v. *Sigler*, 438 F.2d 890 (8th Cir. 1971); *see also United States* v. *Losing*, 601 F.2d 351 (8th Cir. 1979). Indigency alone does not entitle a petitioner to a transcript at public expense. *Washington* v. *State*, 270 Ark. 840, 606 S.W.2d 365 (1980). As the petitioner here has cited no specific compelling reason for requiring a copy of the trial transcript, the motion is denied.

It should be noted that when an appeal has been lodged in either this court or the Court of Appeals, the appeal transcript remains permanently on file with the Clerk of the Supreme Court. Counsel may check a transcript out through the Clerk's office for a period of time, and persons who are not attorneys may review a transcript in the Clerk's office and photocopy all or portions of it. An incarcerated person desiring a photocopy of pages from a transcript may write this court and request that the copy be mailed to the prison. All persons, including prisoners, must bear the cost of photocopying. *Austin* v. *State, supra.*

■ The petitioner has also filed a motion asking that counsel be appointed for him. Since post-conviction proceedings under Rule 37 are civil in nature, there is no constitutional right to appointment of counsel to prepare a petition under Rule 37. *Fretwell* v. *State*, 290 Ark. 221, 718 S.W.2d 109 (1986). Rule 37.3 provides for the appointment of counsel by the circuit court where a hearing is granted and where the petitioner is unable to afford counsel. *Robinson* v. *State*, 295 Ark. 693, 751 S.W.2d 335 (1988).

Petition granted; motions denied.