Richard Allen MULLINS *v.* STATE of Arkansas

CR 90-146                                    799 S.W.2d 550

Supreme Court of Arkansas
Opinion delivered November 19, 1990

*Richard Allen Mullins*, pro se, for petitioner.

*Steve Clark*, Att'y Gen., by: *Sandra Bailey Moll*, Asst. Att'y Gen., for respondent.

PER CURIAM. The petitioner Richard Allen Mullins was charged with capital felony murder but convicted of aggravated robbery and sentenced to twenty years imprisonment. His conviction was affirmed on appeal in an opinion not designated for publication. *Mullins* v. *State*, CACR 89-70 (March 7, 1990). The petitioner now seeks permission to proceed in circuit court for post-conviction relief.

The petitioner claims first that he was convicted of a crime with which he was not charged. The information charged the petitioner with capital murder in that, while acting as an accomplice, he attempted to commit the robbery of the victim and in doing so caused the victim's death in circumstances manifesting extreme indifference to the value of human life. Although the underlying offense of the capital murder charge was attempted

robbery, the petitioner was convicted of aggravated robbery. He argues that aggravated robbery is not a lesser included offense of capital murder and, therefore, he cannot be convicted of aggravated robbery since he was charged with capital murder. He also contends that since attempted robbery was the underlying felony charged, he could not be convicted of aggravated robbery.

■ A defendant may be convicted of one offense included in another offense with which he is charged. Ark. Code Ann. § 5-1-110(b) (1987). It is true as the petition contends, that aggravated robbery is not a "lesser included offense" of capital felony murder because robbery and murder are not in the same generic class. *See Thompson* v. *State*, 284 Ark. 403, 682 S.W.2d 742 (1984). However, aggravated robbery is an "element included offense" of capital felony murder because, by statutory definition, capital murder could not be committed without committing aggravated robbery in a case where aggravated robbery is the underlying felony supporting the capital murder charge. This type of included offense is illustrated in Ark. Code Ann. § 5-1-110(b)(1) which clearly states that in such cases a defendant may be convicted of an offense included in another offense charged.

The next question is whether a defendant when charged with capital felony murder, the underlying felony being attempted robbery, can be convicted of aggravated robbery.

In *Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990), this court quoted the United States Supreme Court as follows:

> To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of due process. Few constitutional principles are more firmly established than a defendant's right to be heard on the specific charge of which he is accused. *Dunn* v. *United States*, 442 U.S. 100 (1979).

■ In *Cole* v. *Arkansas*, 333 U.S. 196 (1948), the United States Supreme Court held that the petitioners were denied due process by the fact that their convictions were upheld under a criminal statute for violation of which they had not been charged. The Court wrote, "It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that

was never made." *Accord Robbins* v. *State*, 219 Ark. 376, 242 S.W.2d 640 (1951); *see also* Ark. Code. Ann. 16-89-126(e)(1) (1987). Since the prosecution did not charge aggravated robbery as the underlying offense to the capital murder charge, the petitioner's conviction must be reduced to simple robbery—the crime which the state used to support the capital murder charge.

The jury sentenced the petitioner to twice the minimum number of years he could receive for aggravated robbery. Ark. Code Ann. §§ 5-12-103(b) and 5-4-401(a)(1). We reduce the twenty year sentence to ten years, which is twice the minimum number of years the petitioner could receive for simple robbery. Ark. Code Ann. § 5-12-102(b) and 5-4-401(a)(3). *See Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

The petitioner next claims that his counsel was ineffective for failing to seek an admonition after the state introduced inadmissible hearsay implicating the petitioner in the crime. Prior to trial the trial court ruled that the state could not impeach Rick Surguine's testimony with a prior, unsworn statement by Surguine in order to link the petitioner with Surguine's crime. Surguine was convicted of the capital murder which the petitioner was charged with as an accomplice. During examination of Surguine the state did exactly what the trial court ordered the state not to do. The defense objected, after approaching the bench. The court sustained the objection; however, the defense did not, at that point, ask for an admonition or mistrial. On appeal, the petitioner argued that the trail court should have either admonished the jury following the state's reference to Surguine's prior statement or should have granted the motion for mistrial made by the defense at the close of the evidence. The Arkansas Court of Appeals ruled that since the attorney did not ask for an admonition, the trial court did not err in not giving one and refused to consider whether the trial court erred in denying a motion for mistrial since the motion was not made at the time of the state's reference to the inadmissible statement.

■■ To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. Second, the peti-

tioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

■ There is no indication that the reference to Surguine's prior statement prejudiced the petitioner to the degree that he was denied a fair trial. The petitioner's attorney immediately objected, approached the bench and asked the trial court to stop the state's use of the inadmissible statement. It may well have been that the petitioner's attorney did not seek an admonition to avoid emphasizing the inadmissible statement. The petitioner has not demonstrated that it is reasonably probable that the outcome of the trial would have been different had an admonition been given or had the motion for mistrial been made at the time of the incident.

■ The petitioner has also filed a motion asking that counsel be appointed for him. Since post-conviction proceedings under Rule 37 are civil in nature, there is no constitutional right to appointment of counsel to prepare a petition under Rule 37. *Fretwell* v. *State*, 290 Ark. 221, 718 S.W.2d 109 (1986). Rule 37.3 provides for the appointment of counsel by the circuit court where a hearing is granted and where the petitioner is unable to afford counsel. *Robinson* v. *State*, 295 Ark. 693, 751 S.W.2d 335 (1988).

Petition granted and motion denied.