**Henry Earl ESTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 12–95–00174–CR, 12–95–00175–CR.**

Court of Appeals of Texas,
Tyler.

Dec. 31, 1996.

J.R. Wilson, Jr., Nacogdoches, for appellant.

Greta E. Haibinyak, Nacogdoches, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Henry Earl Ester ("Appellant") appeals his joint conviction of the crimes of unlawful possession of a firearm by a felon and unauthorized use of a motor vehicle. The jury found Appellant guilty and the enhancement paragraphs true. Based on the jury's assessment, the trial court sentenced Appellant to 20 years' imprisonment and a $10,000 fine for the unlawful possession charge, and 75 years' imprisonment for the charge of unauthorized use of a motor vehicle. The trial court ordered that Appellant serve his sentences concurrently. Appellant now raises four points of error. We will **remand** for a new trial on punishment in regard to the unauthorized use of a motor vehicle offense. Otherwise, we **affirm** the judgment of the trial court.

On September 10, 1994, Texas Department of Public Safety Trooper Jesse Wilburn ("Wilburn"), was on routine patrol and observed Appellant driving 74 miles per hour in a 55 mile per hour zone on Highway 59 in Nacogdoches County. Upon approaching the driver's side of Appellant's car, Wilburn smelled burned marihuana and observed marihuana seeds on the floor board. Appellant could not produce a driver's license, an identification card, or proof of liability insurance. Wilburn asked Appellant to step from the car to a place of safety off the shoulder of the road. Appellant complied and the trooper then asked for permission to search the car. Wilburn testified that Appellant consented to the search and admitted that he had a pistol in a duffle bag in the back seat. Appellant contends that he did not consent to the search of his vehicle. Wilburn retrieved the duffle bag and found the pistol. He also discovered a large sum of money, some Shoney restaurant gift certificates, and a cocaine pipe, along with personal effects such as underwear and t-shirts. In the glove compartment of the car, Wilburn discovered Appellant's wallet and identification card. Wilburn learned through the dispatcher that Appellant was wanted on outstanding parole violation warrants and that the car had been reported stolen in Ohio. Appellant was indicted for unlawful possession of a firearm by a felon, a third degree felony, enhanced to second degree by a 1987 conviction for unauthorized use of a vehicle. *See* TEX.PENAL CODE ANN. § 46.04 (Vernon 1994). Appellant was also indicted for unauthorized use of a motor vehicle, a state jail felony. TEX.PENAL CODE ANN. § 31.07 (Vernon 1994). The unauthorized use offense was enhanced to a habitual criminal charge by using two prior felony convictions.

■ In his first point of error, Appellant argues that the court erred by refusing to

dismiss the enhancement portions of the indictment for unauthorized use of a motor vehicle and sentencing him in accordance with the habitual offender statute rather than the state jail felony laws. We agree.

Unauthorized use of a motor vehicle is a state jail felony. TEX.PENAL CODE ANN. § 31.07(b) (Vernon 1994). "[A]n individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days. In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000." TEX.PENAL CODE ANN. § 12.35(a), (b) (Vernon 1994). The 1993 Legislature amended Article 42.12, section 15 of the Code of Criminal Procedure as it relates to punishment for state jail felonies. The pertinent section addressing state jail felonies provides as follows:

(a) On conviction of a state jail felony, the judge shall suspend the imposition of the sentence of confinement and place the defendant on community supervision.

. . .

(d) A judge may impose as a condition of community supervision that a defendant submit at the beginning of the period of community supervision to a term of confinement in a state jail felony facility for a term not to exceed . . . *one year if the defendant . . . previously has been convicted of two or more felonies.*

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Sess.Law Serv. 3719, 3734–35 (Vernon), *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 15, 1995 Tex.Sess.Law Serv. 2476, 2476 (Vernon) (emphasis added).

The above-quoted statutes conflict with the habitual offender statute, which provides:

(d) If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term

of not more than 99 years or less than 25 years.

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, §. 1.01, 1993 Tex.Sess.Law Serv. 3607 (Vernon), *amended by* Act of May 25, 1995, 74th Leg., R.S., ch. 250, § 1, 1995 Tex.Sess.Law Serv. 2176, 2176 (Vernon). The Legislature resolved this conflict by amending Section 12.42(d) to exclude "state jail felonies punishable under Section 12.35(a)." TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1996). However, the conflict existed at all times material to the present case.

The Court of Criminal Appeals interpreted the language of the statute governing enhancement of state jail felonies to provide that, unless a defendant qualifies for punishment for a third degree felony, a defendant shall be punished by a jail term of no more than one year and a fine not to exceed $10,-000. *State v. Mancuso,* 919 S.W.2d 86, 89 (Tex.Cr.App.1996). The court held:

In connection with the creation of state jail felonies, the Legislature enacted § 12.35 and art. 42.12 § 15 and amended § 12.42(a). These statutes deal specifically with state jail felonies and prescribe the range of punishment therefor. Under § 12.35(a) and (b), the range of punishment for a state jail felony is confinement in a state jail for any term of not more than two years or less than 180 days and a fine not to exceed $10,000.00. Under art. 42.12, § 15(a), that sentence must be suspended and the defendant placed on community supervision probation. Article 42.12, § 15(d) deals specifically with state jail felonies committed by one who has two or more prior felony convictions and provides that the trial judge may impose as a condition of community supervision probation a term of confinement in a state jail facility for a term not to exceed one year.

*Mancuso,* 919 S.W.2d at 89. However, a defendant adjudged guilty of a state jail offense shall be punished for a third degree felony under certain circumstances. *See* TEX.PENAL CODE ANN. § 12.35(c) (Vernon 1994). The state jail felony is enhanced to third degree if the defendant has had a prior Article 42.12, section 3(g) felony or if he used

a deadly weapon in the commission of the instant offense. *Id.* In the absence of such factors, the offense must remain a state jail offense.

In the present case, Appellant's offenses do not trigger either of the two provisions of section 12.35(c)'s habitual offender sanction. Neither of Appellant's two prior convictions were listed in Article 42.12, section 3(g). Further, the judgment against Appellant does not contain an affirmative finding that Appellant used a deadly weapon in the commission of the offense. Therefore, we sustain Appellant's first point of error.

In his second point of error, Appellant maintains the trial court abused its discretion by denying Appellant's motion to suppress the evidence of the gun, cash, wallet, identification card, restaurant certificates, and a cocaine pipe. Under this point of error, Appellant addresses the consent to search correctly stating it is the State's burden to show consent was voluntarily given by clear and convincing evidence.

The validity of consent is a question of fact to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 2048, 36 L.Ed.2d 854 (1973); *Paulus v. State,* 633 S.W.2d 827, 851 (Tex.Cr.App.1981); *Resendez v. State,* 523 S.W.2d 700, 703 (Tex.Cr. App.1975). The trial judge is the trier of facts and the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Paulus,* 633 S.W.2d at 851; *Heredia v. State,* 528 S.W.2d 847, 849 (Tex.Cr.App.1975). When the State relies on a consent to search, the burden of proof is on the prosecution to show by clear and convincing evidence that the consent was freely and voluntarily given. *Bumper v. North Carolina,* 391 U.S. 543, 548, 88 S.Ct. 1788, 1791–92, 20 L.Ed.2d 797 (1968). "The prosecution must show the consent given was positive and unequivocal and there must not be duress or coercion, actual or implied." *Paulus,* 633 S.W.2d at 850. A court is entitled to reject all or any part of a defendant's testimony on the issue of consent. *Paulus,* 633 S.W.2d at 851.

In the present case, Wilburn testified twice that Appellant consented to the search of his vehicle. Wilburn testified at both the hearing on Appellant's motion to suppress outside the presence of the jury and then in the presence of the jury. His testimony was consistent. Appellant testified outside the presence of the jury. He claimed that the patrolman told him to get out of the car with the duffle bag. Appellant further testified that he handed the bag to the trooper and the trooper placed the bag on the hood of the car and searched it. Appellant contends that he did not give consent to search the vehicle or its contents, but that the trooper told him that he could search the vehicle because he smelled marihuana smoke.

The testimony offered by Wilburn supported the court's conclusion that Appellant gave his consent to the search of the vehicle. Although Appellant's own testimony contradicted Wilburn's, the trial court could have disregarded Appellant's testimony. The court did not err in overruling the motion to suppress or in admitting the fruits of the search into evidence. However, even if the court did err in believing the State's evidence regarding consent, the search of Appellant's car was authorized on other grounds as well.

An automobile is mobile and may be searched without a warrant if there is probable cause to believe there is contraband concealed within the vehicle. *Chambers v. Maroney,* 399 U.S. 42, 48, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419 (1970). Additionally, when there is probable cause to believe that an automobile contains contraband, a container or package found inside the automobile may be searched as well. *California v. Acevedo,* 500 U.S. 565, 576, 111 S.Ct. 1982, 1989, 114 L.Ed.2d 619 (1991). In Texas if an officer has probable cause to believe that a vehicle contains evidence of a crime, the officer may search the areas of the vehicle where evidence may be concealed. *Christopher v. State,* 639 S.W.2d 932, 935 (Tex.Cr.App. [Panel Op.] 1982), *overruled on other grounds, Preston v. State,* 700 S.W.2d 227 (Tex.Cr.App.1985). The search must be based on probable cause, *i.e.,* whether a person of reasonable caution would be warrant-

ed in the belief that contraband or evidence may be located.

■ Probable cause existed in the present case due to the fact that the trooper smelled burned marihuana and observed marihuana seeds on the floor board of the car. These facts, when taken in addition to Appellant's lack of driver's license, lack of identification, and lack of proof of liability insurance, authorized the trooper to search all parts of the car where additional contraband could be concealed.

■ Additionally, Appellant had no reasonable expectation of privacy in the stolen vehicle. In order for a search to be violative of Appellant's Fourth Amendment right to be free from unreasonable searches and seizures, Appellant must have had a legal right or interest in the area searched. *Patel v. State*, 856 S.W.2d 486, 488 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1060, 127 L.Ed.2d 380 (1994). To determine if a defendant's subjective expectation of privacy is reasonable, a court must consider whether the expectation is one society is willing to recognize. *Smith v. Maryland*, 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979). The Court of Criminal Appeals has held that a defendant has no protectible interest in the contents of a stolen car. *Jackson v. State*, 745 S.W.2d 4, 8 (Tex.Cr.App.), *cert. denied*, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988). In *Jackson*, the court stated that "any actual expectation of privacy the appellant may have manifested in the stolen vehicle is not one society is willing to recognize as reasonable." *Jackson*, 745 S.W.2d at 8. Because Appellant did not have a reasonable expectation of privacy in the stolen vehicle and its contents, Appellant lacked standing to assert the illegality of the search. We overrule Appellant's second point of error.[1]

In his third point of error, Appellant claims the trial court committed a number of errors which cumulatively deprived him of his right to a fair trial. In this regard, Appellant points out that the court began its

*voir dire* by revealing to the panel that Appellant was indicted as a habitual offender.[2] Next, Appellant alleges the trial court made statements in front of the jury to the effect that the defendant's witnesses were flown in and housed at public expense. Lastly, Appellant complains that the court did not inform the jury that a trial delay was due to the sheriff's untimely delivery of Appellant from the jail. Appellant also adds under this point of error the fact that the court's remark regarding witnesses and its failure to explain the defendant's absence constituted impermissible comments on the weight of evidence. We disagree.

■ A cumulative point of error, that is, one that combines multiple contentions in a single point of error, presents nothing for review. *Sterling v. State*, 800 S.W.2d 513, 521 (Tex.Cr.App.1990), *cert. denied*, 501 U.S. 1213, 111 S.Ct. 2816, 115 L.Ed.2d 988 (1991); *Stoker v. State*, 788 S.W.2d 1, 18 (Tex.Cr. App.1989), *cert. denied*, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). However, in the interest of justice, we address Appellant's claims.

■ In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the evidence or its bearing on the case. TEX.CODE CRIM.PROC. ANN. art. 38.05 (Vernon 1995). Similarly, the judge must not, at any stage of the proceeding prior to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case. *Id.* To constitute reversible error under Article 38.05, the court's comment "must be such that it is reasonably calculated to benefit the State or to prejudice the rights of the defendant." *Becknell v. State*, 720 S.W.2d 526, 531 (Tex. Cr.App.1986), *cert. denied*, 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987); *Davis v. State*, 651 S.W.2d 787, 789 (Tex.Cr.App.1983).

The trial court did not make an impermissible comment in the presence of the jury. From the record, it appears that the jury was not present in the courtroom when the

---

1. Appellant, in his brief, also addressed a search incident to lawful arrest. Since the search in this case occurred prior to the arrest, that issue is irrelevant.

2. Appellant acknowledges that this was waived voluntarily at trial.

trial court remarked on the travel arrangements for some of the defendant's witnesses. Further, the court's comment did not appear to apply only to Appellant's witnesses, but also to the witnesses for the State, and was therefore not reasonably calculated to benefit the State or prejudice the defendant. Additionally, we do not see how the court's failure to explain Appellant's absence from the courtroom prejudiced Appellant. Finally, Appellant did not timely object to the court's comment. We therefore overrule Appellant's third point of error.

In his fourth point of error, Appellant maintains that the trial court erred in conducting a hearing outside the presence of Appellant. In his brief, Appellant maintains the court conducted a lengthy hearing on whether a state jail felony could be enhanced under the habitual offender statute, maintaining that the hearing began at 8:30 a.m., was held off the record at the court's instruction, and ended at 9:30 a.m. when the court called for opening statements. Appellant contends that he was not present during the hearing because the sheriff failed to deliver him to court on time.

■ A defendant must be present at all pre-trial proceedings. Tex.Code Crim.Proc. Ann. art. 28.01, § 1 (Vernon 1994). *See Riggall v. State,* 590 S.W.2d 460, 461 (Tex.Cr. App. [Panel Op.] 1979). While a hearing cannot be held in the absence of a defendant, the court may take matters under advisement and make a ruling in the absence of the defendant. *Whittington v. State,* 680 S.W.2d 505, 510 (Tex.App.—Tyler 1984, pet. ref'd).

Appellant's interpretation of the record does not comport with our interpretation of the record. The sheriff was late in bringing Appellant to court. Before Appellant arrived and while the jury and the participants in the trial were waiting and after the court had introduced school students visiting that morning, the defense attorney addressed the court and the following occurred:

MR. WILSON: Your Honor, may I approach the bench?

THE COURT: Uh-huh.

(The attorney for the defendant approached the bench in an off the record discussion.)

THE COURT: Counsel, you can file it in writing if you want to in longhand, but I'm not going to hear any matter. It's a matter that can be filed in writing and the Court authorizes you to do so.

MR. WILSON: Thank you.

THE COURT: We're not hearing any matters at this time except the trial.

MR. WILSON: I understand, Your Honor. I would just like the record to reflect that—

THE COURT: No, we're not going to put anything in the record. You may put it in writing and put it in the record in detail.

The bailiff will move the speaker's podium around.

MR. WILSON: Your Honor, again I need to make a request on the record for a hearing outside the presence of the jury on a matter of law.

THE COURT: Counsel, I've been here since 8:30 this morning and before. I was here all day yesterday and I was here at pretrial, and this Court's been open everyday of the week, sometimes at night. It's now 9:43. Your request is denied. You may write out and file any matter that you wish to file.

MR. WILSON: Thank you, Your Honor.

Appellant's counsel initiated the off-the-record discussion. The trial court refused to hear the matter and no record was made. We conclude that the court did not hold a hearing on any matter. Therefore, we overrule Appellant's fourth point of error.

In conclusion, having found the court erred in the punishment phase for the offense of unauthorized use of a motor vehicle, we remand for a new trial of the punishment for that offense. The remainder of the judgment of the trial court is affirmed.