Jimmy SEEK *v.* STATE of Arkansas

CR 97-472 957 S.W.2d 709

Supreme Court of Arkansas
Opinion delivered December 18, 1997

Stuart Vess, for appellant.

Winston Bryant, Att'y Gen., by: David R. Raupp, Sr. Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Jimmy Seek, appellant, pleaded guilty to charges of residential burglary, kidnapping, and sexual abuse, for which he received a fifteen-year sentence to the Arkansas Department of Correction. After the trial court entered its judgment and commitment order, Seek filed a motion to withdraw his guilty pleas pursuant to Ark R. Crim. P. 26.1. He alleged that the pleas were not voluntarily and intelligently made because Lewis Littlepage, his attorney, misled him as to the punishment he would receive. After a hearing, the trial court denied Seek's motion on its merits, finding that he had voluntarily entered his pleas after being fully informed. We agree and affirm.

On appeal, Seek maintains that Littlepage advised him that he would receive a prison term, consistent with the sentencing guidelines, of about twenty-four months. He contends that, but for that advice, he would not have entered guilty pleas. Seek concedes that the court informed him prior to the guilty pleas that he was facing possible sentence of five to twenty years for the burglary and kidnapping offenses, and three to ten years for the sexual abuse offense. He argues, however, that Littlepage failed to inform him that the sentencing guidelines were not mandatory and could be ignored by the court.

Seek was charged with the offenses after he confessed to the police. He described entering his neighbor's house, wearing a ski mask, at midnight through an unlocked door. Upon finding the victim in bed, he tied her hands behind her back and then sexually molested her. He left forty-five minutes later. During the confession, Seek consented to a police search of his home and car. The police subsequently found a rope in Seek's car that matched the description of the rope used in the crime.

 Jurisdiction is proper in the supreme court when an appeal is based on a petition for postconviction relief under Ark. R. Crim. P. 37. Ark. R. S. Ct. 1-2(a)(4). We have so held even after the original petition was brought under Rule 26.1 of the Ark. R. Crim. P., and entitled "Motion to Withdraw a Guilty Plea." *McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997); *Johninson v. State*, 330 Ark. 381, 953 S.W.2d 883 (1997). A motion to withdraw a guilty plea, under Rule 26.1, is untimely when filed after sentencing and entry of judgment. *McCuen*, 328 Ark. at 55, 941 S.W.2d at 402. When these petitions come to us on appeal, we treat them as motions for postconviction relief under Rule 37. *Id.* at 56, 941 S.W.2d at 402; *Johninson*, 330 Ark. at 385, 953 S.W.2d at 884. In the case before us, we therefore review the petition as a motion for postconviction relief, even though it was brought as a motion to withdraw a guilty plea.

 We do not reverse a trial court's denial of postconviction relief unless the ruling was clearly erroneous. *Rowe v. State*, 318 Ark. 25, 26-27, 883 S.W.2d 804, 805 (1994). When a guilty plea is challenged, the issue is whether the trial court erred

in finding that the plea was intelligently and voluntarily entered with the advice of competent counsel. *McCuen*, 328 Ark. at 58, 941 S.W.2d at 403. To determine the competency of counsel, we apply the standard adopted in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the petitioner must prove that "counsel's performance fell below an objective standard of reasonableness and that, but for counsel's errors, there is a reasonable probability that the outcome would have been different." *McCuen*, 328 Ark. at 58, 941 S.W.2d at 403. The petitioner carries the burden of overcoming the presumption that counsel is competent. *Id.*

██ ██ Given the facts of this case, we cannot say the trial court committed clear error when it found that Seek did not meet this burden. Littlepage testified that, in addition to advising Seek that he had a good chance to receive the prison term indicated in the sentencing guidelines, he also informed Seek that the court did not have to follow them. By contrast, Seek put on no evidence to support his claim. Seek did not testify, nor did he offer witnesses to testify on his behalf.

Even if Littlepage was acting unreasonably in advising Seek, Seek did not offer proof that the outcome would have been different if he had not pleaded guilty and the case had gone to trial. Evidence in the record suggests otherwise. In confessing to the crime, Seek gave a detailed description of the events that transpired during the commission of the crimes. The rope that the police found in Seek's truck was also incriminating. We can appreciate that Seek was unhappy about the sentence he received, however, he is not entitled to have his pleas withdrawn, after the sentence has been announced, solely because he received a sentence greater than he expected. *Johninson*, 330 Ark. at 390, 953 S.W.2d at 887 (quoting *Stobaugh v. State*, 298 Ark. 577, 580, 769 S.W.2d 26, 28 (1989)).

██ Neither can we find clear error in the trial court's conclusion that Seek was fully informed about the entire range of possible punishment. The evidence in the record before us shows that, in signing the plea statement, Seek acknowledged that he read and understood the possible sentences for the charged offenses, that he discussed the case fully with his attorney and was

satisfied with his attorney's services, and that he understood that the judge was not required to follow the sentencing guidelines discussed by Seek and his attorney. The record also shows that, during the plea proceeding, the court reviewed with Seek the possible sentences he could receive for each of the offenses. At that time, Seek stated that he was not induced to plead guilty by any promises made to him and that he was pleading guilty because he was guilty. Based on this evidence, we affirm the trial court's ruling that Seek's pleas were intelligently and voluntarily entered with the advice of competent counsel.

Affirmed.