Lawrence MARTIN *v.* STATE of Arkansas

CR 00-60            13 S.W.3d 576

Supreme Court of Arkansas
Opinion delivered March 30, 2000

*Appellant,* pro se.

*Mark Pryor,* Att'y Gen., by: *David R. Raupp,* Senior Ass't Att'y Gen., for appellee.

PER CURIAM. In 1995, Lawrence Martin was found guilty of capital murder and sentenced to life imprisonment without parole. We affirmed. *Martin v. State,* 328 Ark. 420, 944 S.W.2d 512 (1997). The mandate of this court was issued on May 23, 1997. Martin subsequently filed in the trial court a timely petition pursuant to Criminal Procedure Rule 37 seeking to vacate the judgment. The petition was denied in 1998 and an amended order addressing one additional issue was entered in 1999 that also denied relief. The record on appeal from the amended order has been lodged here.

■ Appellant Martin, who is proceeding *pro se,* now seeks access to a copy of the record to prepare his brief and an extension of time to file it. As the appellant is required to abstract the record in an appeal, the motions are granted. Our clerk is directed to forward a copy of the record to appellant with the provision that the copy of the record be returned to this court after appellant has completed the brief. The appellant's brief will be due forty days from the date of this opinion. Again, the record must be returned when the brief is filed.

■ Appellant has also filed three additional motions. In the first motion, he asks that this court issue an order compelling the warden at the Maximum Security Unit of the Arkansas Department of Correction where appellant is incarcerated to permit him additional time in the library to prepare the brief. The motion is denied. We decline to dictate the operation of the facility where appellant is imprisoned.

■ Appellant next asks that we compel the circuit court to provide a videotape of the medical examiner and a part of the jury-selection process so the material can be docketed here, presumably as a supplement to the record in this appeal. (It is not clear whether the request for a part of the jury selection process refers to a written transcript or a videotape.) As appellant does not establish that the material was a part of the record that was before the court when the ruling was made on the Rule 37 petition or otherwise demonstrate that the material is germane to this appeal, the motion is denied.

■ Finally, appellant requests that counsel be appointed to represent him in this appeal. Postconviction matters are civil in nature, and there is no absolute right to appointment of counsel in civil matters. *See Virgin v. Lockhart*, 288 Ark. 92, 702 S.W.2d 9 (1986). We have held, however, that if an appellant makes a substantial showing that he is entitled to relief in a postconviction appeal and that he cannot proceed without counsel, we will appoint counsel. *See Howard v. Lockhart*, 300 Ark. 144, 777 S.W.2d 223 (1989). Appellant here has not demonstrated that there is merit to the appeal.

Motions for access to record and for extension of time granted; motions to compel additional library time, to supplement record, and for appointment of counsel denied.