ARKANSAS PUBLIC DEFENDER COMMISSION *v.*
GREENE COUNTY CIRCUIT COURT, The Honorable
John N. Fogleman, Circuit Judge, Presiding

CR 00-452                                    32 S.W.3d 470

Supreme Court of Arkansas
Opinion delivered December 7, 2000

*Mark Pryor*, Att'y Gen., by: *Dennis R. Hansen*, Ass't Att'y Gen., for petitioner.

*Gill, Elrod, Ragon, Owen, Skinner, & Sherman, P.A.*, by: *Drake Mann*, for respondent.

Tом GLAZE, Justice. The Arkansas Public Defender Commission petitions this court for a writ of certiorari to Greene County Circuit Judge John Fogleman, directing him to set aside an order entered March 15, 2000, requiring the Commission to pay the attorney's fees for appointed counsel representing a prisoner in his postconviction proceedings under Ark. R. Crim. P. 37. For the reasons set out below, we grant the Commission's petition.

The facts leading up to this situation are as follows. William Wesley Skiver was convicted of aggravated robbery on September 29, 1995, and sentenced to life in prison as a habitual offender. The

conviction and sentence were affirmed by this court in *Skiver v. State*, 336 Ark. 86, 983 S.W.2d 931 (1999). Skiver then filed a *pro se* petition for postconviction relief; subsequently, on April 10, 1999, Judge Fogleman appointed Paragould attorney Daniel Stidham to represent Skiver in his Rule 37 proceedings. Stidham filed an amended petition for postconviction relief and appeared at a hearing on Skiver's behalf, but the trial court rejected the claim of ineffective assistance of counsel on September 20, 1999. Stidham filed a notice of appeal from this decision on November 16, 1999.

On December 2, Stidham filed with the circuit court a petition for an award of attorney's fees, asking that the court award him $4,715.00 for his representation of Skiver. On December 7, 1999, the court entered an order directing the Arkansas Public Defender Commission to pay Stidham the requested $4,715; however, the Commission was never served with a copy of the petition for attorney's fees. On December 30, Stidham filed a petition for citation of contempt, alleging that the Commission had violated the court's order by not paying his fee. He asked Judge Fogleman to issue an order for the Commission and its Executive Director, Didi Sallings, to show cause why they should not be held in contempt.

The Commission filed a response to the court's order on January 11, 2000, in which it asserted that there was no statutory authority supporting the Commission's payment of attorney's fees in a Rule 37 petition. The Commission further rejoined that sovereign immunity barred the court from ordering it to bear the financial burden inherent in the payment of attorney's fees. On January 14, 2000, the Commission filed a motion to set aside the circuit court's December 7 order, which the court set aside on January 21, 2000.

Stidham filed another request for fees on January 31, 2000, specifically alleging that the Commission was responsible for the payment of his fees. He premised his second request on Ark. Code Ann. § 16-87-210(a) (Supp. 1999) which provides that when private attorneys are appointed to represent an indigent person and authorized by the Commission, the attorneys "shall" be paid by the Commission. The Commission responded once again that it was not liable for Stidham's fees. It cited *Arkansas Public Defender Commission v. Burnett*, 340 Ark. 233, 12 S.W.3d 191 (2000), for the proposition that the Commission is not authorized by statute or

constitution to make payment for attorney's fees in *civil* cases (emphasis added). The circuit court nevertheless entered an order on March 15, 2000, finding that, despite the holding of *Burnett*, the Commission should be responsible for Stidham's fees.

The Commission filed a petition for writ of certiorari with this court on April 14, 2000, contending that the circuit court acted wholly without jurisdiction in entering the March 15 order because sovereign immunity, which neither the Commission nor the General Assembly had waived, precluded the imposition of such an order. This court directed both parties to file briefs on the issue, which was done on August 4, 2000.

■ A writ of certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy and is available to this court in exercise of superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). A demonstration of plain, manifest, clear, and gross abuse of discretion is essential before this court will grant a petition for writ of certiorari. *Meeks v. State*, 341 Ark. 620, 19 S.W.3d 25 (2000) (citing *Foreman v. State*, 317 Ark. 146, 875 S.W.2d 853 (1994)). These principles apply when a petitioner claims that the lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy. *Arkansas Public Defender Commission v. Burnett*, 340 Ark. 233, 12 S.W.3d 191 (2000); *Hanley v. Arkansas State Claims Comm'n*, 333 Ark. 159, 970 S.W.2d 198 (1998).[1]

■ The circuit court's alleged lack of jurisdiction to order attorney's fees is precisely what the Commission is arguing in this case. The Commission raises the defense of sovereign immunity, which is jurisdictional immunity from suit.[2] *Brown v. Arkansas State*

---

[1] We note also that the Commission, although not a party to the underlying Rule 37 proceeding, could have appealed from the circuit court's order. Arkansas case law provides that a person with a pecuniary interest affected by a trial court's judgment has standing to pursue appellate review of that judgment or order, even though the person was never made a party to the case. *McCoy v. Moore*, 338 Ark. 740, 1 S.W.3d 11 (1999); *see also In re $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999); *In re Allen*, 304 Ark. 222, 800 S.W.2d 715 (1990). In this case, our court has jurisdiction by way of certiorari, as the court did in the *Burnett* decision, or by treating this matter as an appeal.

[2] Sovereign immunity for the State of Arkansas arises from express constitutional declaration. Article 5, § 20, of the Constitution provides that "[t]he State of Arkansas shall never be made a defendant in any of her courts." Suits against the State are expressly forbidden by this provision. *Grine v. Board of Trustees*, 338 Ark. 791, 2 S.W.3d 54 (1999). *Grine*

*HVACR Licensing Board,* 336 Ark. 34, 984 S.W.2d 402 (1999). Where the pleadings show that the action is one against the State, and sovereign immunity is not waived, the trial court acquires no jurisdiction. *See State v. Staton,* 325 Ark. 341, 942 S.W.2d 804 (1996). Where a suit is brought against an agency of the State with relation to some matter in which the agency represents the state in action and liability, and the State, though not a party of record, is the real party in interest so that a judgment for the plaintiff would operate to control the action of the State or subject the State to liability, the action is, in effect, one against the State and is prohibited by the constitutional bar. *Burnett,* 340 Ark. at 237, 12 S.W.3d at 193.

■ ■ We have also held that tapping the State's treasury for payment of damages will render the State a defendant and violate the principles of sovereign immunity. *Id.* Unless sovereign immunity is waived, the doctrine prohibits imposing liability upon the State. *Id.* We have recognized two exceptions to the doctrine of sovereign immunity: 1) where the State is the moving party seeking specific relief; and 2) where an act of the legislature has created a specific waiver of immunity. *Id.* Clearly, the order that Stidham's attorney's fees be paid by the Commission is an act that will tap the State's treasury. Thus, the question presented by this case relates to the second of the exceptions just mentioned: Has the General Assembly created a specific waiver of immunity for the Public Defender Commission that would enable the circuit court to order the Commission to pay attorney's fees for appointed counsel in a civil matter? The answer is no.

■ We explicitly held in the *Burnett* case that the Commission is not responsible for attorney's fees in civil matters. There, we made the following statements:

The duties of the Commission in Ark. Code Ann. § 16-87-306 (Supp. 1999) are stated as follows:

The public defender in each judicial district shall have the following duties:

cites *Pitcock v. State,* 91 Ark. 527 (1909), for the statement that "a sovereign State cannot be sued except by its own consent; and such consent is expressly withheld by the Constitution of this State." *Grine,* 338 Ark. at 796 (citing *Pitcock,* 91 Ark. at 535).

(1) Defend indigents within the district as determined by the circuit, municipal, city, police, juvenile, probate, or chancery courts in the district in all felony, misdemeanor, juvenile, guardianship, and mental health cases, all traffic cases punishable by incarceration, and all contempt proceedings punishable by incarceration[.]

*There is no declaration of legislative intent to waive the Commission's sovereign immunity, nor is there any requirement that the Commission have responsibility for attorney's fees in civil cases.*

*Burnett*, 340 Ark. at 238, 12 S.W.3d at 194 (emphasis added).

Despite the holding in *Burnett*, the circuit court in the instant case determined that the Commission should be responsible for attorney's fees in this Rule 37 proceeding. The court's reasons for doing so were because "the Rule 37 petition is, without a doubt, a proceeding related to the underlying felony charge. . . . Rule 37 is a part of the Rules of Criminal Procedure, [and] this Rule 37 petition was not filed in a separate civil case but is filed as a part of the criminal case as is evident by its case number of CR-95-108." In addition, the trial court concluded that, because the statutes delineating the duties of the Commission provide that public defenders shall represent indigent persons "in felony case," Rule 37 proceedings should be considered criminal, and the Commission should therefore be required to pay the fees of an attorney appointed to represent a Rule 37 petitioner. On appeal, the circuit court continues this argument, and contends that this court has merely "parroted the phrase" that Rule 37 proceedings are civil in nature without adequately explaining why that is the case. The circuit judge's analysis simply ignores our case law and that of the United States Supreme Court on this subject.

■ First, we point out the recognized principle that a post-conviction proceeding under Rule 37 amounts to a collateral attack on the judgment rendered at trial. *Dodson v. State*, 326 Ark. 637, 934 S.W.2d 198 (1996). As a postconviction remedy, Rule 37 does not provide a method for the review of mere error in the conduct of the trial, nor does it serve as a substitute for appeal. *Sasser v. State*, 338 Ark. 375, 993 S.W.2d 901 (1999). We have repeatedly held that such proceedings are civil in nature. This holding has been announced most often in the context of a convicted defendant's request for appointed counsel for his or her Rule 37 proceedings;

we have rejected such requests by noting that, because such proceedings "are civil rather than criminal in nature, there is clearly no constitutional right to appointment of counsel to prepare a petition under Rule 37." *Fretwell v. State*, 290 Ark. 221, 222, 718 S.W.2d 109 (1986). *See also Martin v. State*, 340 Ark. 719, 13 S.W.3d 576 (2000); *O'Brien v. State*, 339 Ark. 138, 3 S.W.3d 332 (1999); *State v. Dillard*, 338 Ark. 571, 998 S.W.2d 750 (1999) (allowing State to appeal from Rule 37 petition pursuant to Ark. R. App. P.—*Civ.* 2(a)(3) specifically because Rule 37 proceedings are civil in nature); *McCuen v. State*, 328 Ark. 46, 941 S.W.2d 297 (1997) (right to counsel in Arkansas ends after the direct appeal of the original criminal trial is completed, and the State is not obligated to provide counsel in postconviction proceedings); *Cravey v. State*, 306 Ark. 815 S.W.2d 933 (1991); *Mullins v. State*, 303 Ark. 695, 799 S.W.2d 550 (1990); *Brooks v. State*, 303 Ark. 188, 792 S.W.2d 617 (1990); *Vick v. State*, 301 Ark. 296, 783 S.W.2d 365 (1990); *Robinson v. State*, 295 Ark. 693, 751 S.W.2d 335 (1988); *Dyer v. State*, 258 Ark. 494, 527 S.W.2d 622 (1975).

■ The basis for our holding that postconviction proceedings are civil in nature can be found in the decisions of the United States Supreme Court. In *Pennsylvania v. Finley*, 481 U.S. 556 (1986), the Court considered whether an inmate was entitled, under state law, to appointed counsel in postconviction proceedings. The Court, stating the following, ultimately held that no such entitlement existed:

> We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. . . . We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process. . . . *Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature.* . . . It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. *States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the States supply a lawyer as well.*

*Finley,* 481 U.S. at 555-57 (emphasis added; internal citations omitted).

Likewise, the Court held in *Murray v. Giarratano,* 492 U.S. 1 (1988), that "[s]tate collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings and serve a different and more limited purpose than either the trial or appeal." *Murray,* 492 U.S. at 10. The concurring opinion in *Murray* stated that "there is nothing in the Constitution or the precedents of this Court that requires that a State provide counsel in postconviction proceedings. *A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment." Murray,* 492 U.S. at 13 (O'Connor, J., concurring) (emphasis added).

█ In addition to our longstanding pronouncements that Rule 37 proceedings are civil in nature, there is the fact that it is the petitioner — the former defendant — who bears the burden of proof in Rule 37 matters. *See Seek v. State,* 330 Ark. 833, 957 S.W.2d 709 (1997); *Helton v. State,* 325 Ark. 140, 924 S.W.2d (1996). Were Rule 37 proceedings truly criminal matters, the due process clause of the United States Constitution would require that the state bear the burden of proof. *See, e.g., Mullaney v. Wilbur,* 421 U.S. 684 (1975) (holding that the prosecution must prove beyond a reasonable doubt every fact necessary to constitute the crime charged); *see also In re Winship,* 397 U.S. 358 (1970).

█ Thus, it is abundantly clear that postconviction proceedings are civil matters, distinct and apart from the underlying criminal conviction. As civil matters, these proceedings are not among the functions of the Public Defender Commission, enumerated by Ark. Code Ann. § 16-87-306, for which the Commission is obligated to pay. As noted above, this court explicitly held in *Burnett* that there is no requirement that the Commission have responsibility for attorney's fees in civil cases. Because there is no statute authorizing the Commission to pay attorney's fees in a civil matter, the trial judge was without authority to enter an order commanding it to do so.

█ As a final matter, we note that Stidham urges that his appointment without compensation violates his due process and equal protection rights. However, he raises this point without dis-

cussing it, providing only a bare citation to authority. This court has repeatedly held that we do not consider assignments of error that are unsupported by convincing authority. *See, e.g., Federal Fin. Co. v. Noe,* 335 Ark. 78, 983 S.W.2d 107 (1998); *McGhee v. State* 334 Ark. 543, 975 S.W.2d 834 (1998).

We also point out that Stidham is not completely bereft of remedies; he may present his claim for payment to the Arkansas State Claims Commission, which was created to provide a method by which claims against the State may be addressed while preserving the State's sovereign immunity. *See Fireman's Ins. Co. v. Arkansas State Claims Comm'n,* 301 Ark. 451, 784 S.W.2d 771 (1990).

We therefore conclude that the circuit court acted in excess of its jurisdiction in entering its order requiring the Commission to pay attorney's fees to Stidham, and as such, the Commission's petition for writ of certiorari is granted.

IMBER, J., concurs; CORBIN, J., not participating.

ANNABELLE CLINTON IMBER, Justice, concurring. I join the majority opinion in concluding that the circuit court acted in excess of its jurisdiction in entering its order requiring the Commission to pay attorney's fees to Mr. Stidham. It is abundantly clear from statutory provisions governing the Arkansas Public Defender Commission that the Arkansas General Assembly has created a specific waiver of immunity solely for the payment of attorney's fees for appointed counsel who *defend* indigents in cases punishable by incarceration. *See* Ark. Code Ann. § 16-87-212(a)(1) ("The Commission is authorized to pay for certain expenses regarding the defense of indigents."); Ark. Code Ann. § 16-87-213(a)(1)(A) ("Any person charged with an offense punishable by imprisonment who desires to be represented by an appointed attorney ..."); Ark. Code Ann. § 16-87-306 ("The public defender ... shall ... [d]efend indigents ... in all felony, misdemeanor, juvenile, guardianship, and mental health cases, all traffic cases punishable by incarceration, and all contempt proceedings punishable by incarceration.").

In postconviction proceedings under Ark. R. Crim. P. 37, the petitioner's appointed attorney is no longer representing an indigent person "charged with an offense punishable by imprisonment." The petitioner — the former defendant — has already been con-

victed and sentenced to a term of imprisonment. Furthermore, by filing a petition for postconviction relief, which amounts to a collateral attack upon the judgment of conviction, the petitioner has assumed the burden of proving any claims asserted under Rule 37. *Helton v. State*, 325 Ark. 140, 924 S.W.2d 239 (1996); *Flaherty v. State*, 297 Ark. 198, 761 S.W.2d 167 (1988). Thus, petitioner's appointed attorney in a Rule 37 proceeding is no longer defending an indigent in a case "punishable by incarceration," but is instead representing an indigent petitioner who bears the burden of proving the claims under Rule 37.

For these reasons, I conclude that the General Assembly has not created a specific waiver of immunity for the Public Defender Commission that would enable a circuit court to order the Commission to pay attorney's fees for appointed counsel who represent indigents in the pursuit of postconviction relief.