The Honorable Monty Davenport State Representative 644 MC 4003 Yellville, AR 72687-9340
Dear Representative Davenport:
I am writing in response to your request for an opinion on the following:
 Who pays for the representation of a criminal defendant on a Rule 37 appeal when the public defender's office does not provide representation of the defendant, the county or the state?
RESPONSE
Assuming that the attorney is not privately retained by the Rule 37 petitioner, the state through the Public Defender Commission ("PDC")[1] is authorized to pay for the post-conviction proceedings in a capital case involving a sentence of death under A.C.A. § 16-87-212(c) and § 16-91-202(f). There is no parallel authorization for a noncapital case. The Arkansas Supreme Court has held that the PDC cannot be ordered to pay attorney's fees for appointed counsel in a noncapital Rule 37 proceeding. PublicDefender Comm. v. Greene County Cir. Court, 343 Ark. 49,32 S.W.3d 470 (2000). The applicable statute, A.C.A. § 16-87-302, delineating the county's financial obligations with respect to the defense of indigents does not authorize the payment of any attorney's fees. In Greene County, supra, the Arkansas Supreme Court noted that, in a similar situation, the State Claims Commission may be the appropriate recourse.
I assume from your request for an opinion that the attorney representing the petitioner, the former criminal defendant, in the Rule 37 appeal is appointed counsel and not private counsel retained by the petitioner. Generally speaking, Rule 37 proceedings are civil in nature, amounting to a collateral attack on an entered judgment. Sanders v. State, 352 Ark. 16,98 S.W.3d 35 (2003). As such, the petitioner has already been convicted of a crime and has the burden to show that the judgment was flawed under the guidelines in Rule 37. Id. Furthermore, there is no constitutional right to counsel in a Rule 37 proceeding. Id. Despite the lack of a constitutional right to counsel, Rule 37.3 allows for the appointment of counsel stating:
 (b) If the original petition, or a motion for appointment of counsel should allege that the petitioner is unable to pay the cost of the proceedings and to employ counsel, and if the court is satisfied that the allegation is true, the court may at its discretion appoint counsel for the petitioner for any hearing held in the circuit court. If a petition on which the petitioner was represented by counsel is denied, counsel shall continue to represent the petitioner for an appeal to the Supreme Court, unless relieved as counsel by the circuit court or the Supreme Court. If no hearing was held or the petitioner proceeded pro se at the hearing, the circuit court may at its discretion appoint counsel for an appeal upon proper motion by the petitioner.
Ark. R. Crim Pro. 37.3(b) (2005). With this framework in mind, I turn to the question posed.
The Arkansas Supreme Court, in addressing whether a circuit court could order the PDC to pay for the attorney's fees of counsel appointed for a Rule 37 proceeding, stated:
 Thus, it is abundantly clear that postconviction proceedings are civil matters, distinct and apart from the underlying criminal conviction. As civil matters, these proceedings are not among the functions of the Public Defender Commission, enumerated by Ark. Code Ann. § 16-87-306, for which the Commission is obligated to pay. As noted above, this court explicitly held in [Ark. Public Defender Comm. v. Burnett, 340 Ark. 233, 12 S.W.3d 191
(2000)] that there is no requirement that the Commission have responsibility for attorney's fees in civil cases. Because there is no statute authorizing the Commission to pay attorney's fees in a civil matter, the trial judge was without authority to enter an order commanding it to do so.
Greene County, supra at 57. Absent an authorizing statute, the court clearly held that there is no authority for the PDC to be ordered to pay for attorney's fees in Rule 37 proceedings. The General Assembly has not enacted any subsequent authorizing legislation; therefore there is no general authorization for the PDC to pay for attorneys fees in civil cases for criminal defendants.
There is, however, a specific authorization for the PDC to pay for the costs of postconviction proceedings, including Rule 37 proceedings, of a capital conviction. Specifically, "[a]t the discretion of the commission, capital murder cases and all proceedings under the Arkansas Rules of Criminal Procedure, Rule 37.5, shall be paid entirely by the commission." A.C.A. §16-87-212(c) (Supp. 2005). Furthermore, Rule 37.5(j) authorizes compensation for appointed counsel in a capital case involving a sentence of death to be set by the circuit court hearing the petition and, pursuant to A.C.A. § 16-91-202(f), to be paid by the PDC.
Your request for an opinion is unclear on the underlying nature of the hypothetical Rule 37 appeal. If the Rule 37 appeal is being pursued with respect to a capital conviction, there is statutory authority for the PDC to pay for the attorney's fees as discussed above. If the Rule 37 appeal being pursued is with respect to a non-capital conviction, however, current case law precludes the PDC from being responsible for the costs. See,e.g., Greene County, supra.
The Arkansas Supreme Court noted that, even absent the waiver of sovereign immunity in Rule 37 representation for non-capital cases, an attorney may file a claim with the State Claim Commission. Greene County, supra. Payment by the Commission would appear to be, however, a matter of grace rather than of right as the Court has noted that absent a specifically provided appropriation by the General Assembly for the payment of fees for appointed counsel, there is no obligation that such fees be paid.See, e.g., Arkansas County v. Freeman Johnson, 31 Ark. 266
(1876) (decision under previous law); but cf. Arnold v. Kemp,306 Ark. 294, 813 S.W.2d 770 (1991) (holding the payment caps on reimbursement for attorneys appointed to represent indigent criminal defendants unconstitutional under taking clause and equal protection analyses).
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] The Public Defender Commission, authorized under A.C.A. §§16-87-201 through -216 (Supp. 2005), is an arm of the State.See, e.g., Sanders v. State, 352 Ark. 16, 98 S.W.3d 35 (2003);and Ark. Public Defender Comm. v. Burnett, 340 Ark. 233,12 S.W.3d 191 (2000).