Micah Lamar WEBB  *v.*  STATE of Arkansas

CR 04-920                                     223 S.W.3d 796

Supreme Court of Arkansas
Opinion delivered January 19, 2006

*Darrell F. Brown & Associates, P.A.*, by: *O. Jerome Green*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Justice. Micah Lamar Webb appeals from the Pulaski County Circuit Court's denial of his request to withdraw his guilty plea. Webb now contests both the denial of that request, for which an order was entered on May 13, 2004, and his previous sentencing on May 7, 2004. He asserts that the trial court should have suspended all proceedings pending certain mental evaluations, and that his defense counsel was ineffective. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(d) as this case was certified to this court by the Court of Appeals. We affirm the decision of the trial court.

Webb signed an Affidavit of Indigency and Order Appointing Counsel on September 8, 2003, and the Public Defender was appointed as his counsel on the same day. On September 11, 2003, Webb was ordered to undergo a mental evaluation, then a subsequent order for mental evaluation was entered on September 24, 2003. On April 30, 2004, Webb pled guilty to one count of first-degree murder and two counts of second-degree battery in two separate cases in the Pulaski County Circuit Court. He was sentenced to fifty years for the first-degree murder charge, and a six-year suspended sentence for each battery charge. The murder charge stemmed from the shooting death of Andreas Davis, on or about June 30, 2003. On May 7, 2004, the judgment and commitment orders were entered. Three days later, on May 10, 2004, appellant made an oral motion to withdraw his guilty plea.

Webb first contests the circuit court's denial of his request to withdraw his guilty plea, arguing that the court should have suspended all proceedings pending the Act III mental evaluation. However, this court will not reach the merits of his argument because his motion to withdraw the guilty plea was not timely, and because he failed to make the argument regarding the mental evaluations to the trial court.

On May 7, 2004, when Webb pled guilty, he did not ask the court to suspend the proceedings, nor ask that his counsel

make that request to the court. We have long held that we will not address arguments raised for the first time on appeal. *Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005). Although Rule 26.1 of the Arkansas Rules of Criminal Procedure gives a defendant the right to withdraw his guilty plea, the defendant must do so before sentencing or entry of judgment. *Seek v. State*, 330 Ark. 833, 957 S.W.2d 709 (1997). Webb did not make his motion in the instant case until three days after the judgment and commitment orders had been entered, making it an untimely motion. When a motion to withdraw a guilty plea is untimely, we review it on appeal as a motion for postconviction relief under Rule 37. *Id.* However, this court has held, pursuant to Rule 37, that a postconviction relief petition must be verified in order to prevent perjury. *Shaw v. State*, 363 Ark. 156, 211 S.W.3d 506 (2005) (*per curiam*). In the instant case, Webb simply made an unsworn, oral motion that did not meet the requirements of Rule 37. Without a valid petition for postconviction relief, the circuit court lacked jurisdiction to hear appellant's argument. *Id.* Therefore we affirm the trial court's denial of his request to withdraw his guilty plea.

Webb's second point on appeal alleges that his defense counsel was ineffective in not asking the court to wait until his Act III mental evaluations were completed before advising him to plead guilty. As previously discussed, we do not consider this to be a proper appeal from a Rule 37 petition. Webb did not argue that his counsel should have forced the court to wait until his Act III mental evaluations were completed, and he did not file a written and verified Rule 37 petition. Therefore, we do not reach the merits of his argument that his counsel was incompetent.

Affirmed.