Sherman NOBLE *v.* Larry NORRIS, Director,
Arkansas Department of Correction

04-524                                                        243 S.W.3d 260

Supreme Court of Arkansas
Opinion delivered November 16, 2006

[Rehearing denied January 4, 2007.]

Appellant, pro se.

*Mike Beebe*, Att'y Gen., by: *Kelly K. Hill*, Sr. Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Sherman Noble is an inmate incarcerated in the Arkansas Department of Correction, serving a life sentence without parole for capital felony murder. On February 20, 2004, he filed a petition seeking a writ of habeas corpus in the Jefferson County Circuit Court. The circuit court denied the petition and this appeal followed. Appellant's sole point of appeal is that his petition should not have been denied because the trial court exceeded its jurisdiction by conducting court and performing judicial duties by accepting his plea on a Sunday. We find no error and affirm.

In 1992, Appellant and two other men attempted to steal a BMW from a woman, Tresia Jester. As she drove off to avoid the robbery, she was shot and killed by Appellant. Subsequent to this murder, on Sunday, October 25, 1992, Appellant entered a plea of guilty to the crime of capital-felony murder in order to avoid the possibility of receiving a sentence of death. As a result of the plea agreement, he was sentenced to life imprisonment without parole. The judgment and commitment order were filed the next day, Monday, October 26, 1992.

Since 1992, Appellant has been a party to numerous cases involving this guilty plea. *See Noble v. State*, 314 Ark. 240, 862

S.W.2d 234 (1993) (*Noble I*) (dismissing Appellant's appeal for failure to reserve his right to appeal, pursuant to Ark. R. Crim. P. 24.3(b), after entering a guilty plea); *Noble v. State*, 319 Ark. 407, 892 S.W.2d 477 (1995) (*Noble II*) (holding Appellant was not entitled to postconviction relief based on his contention that he received ineffective assistance of counsel at trial and on appeal); *Noble v. State*, 326 Ark. 462, 932 S.W.2d 752 (1996) (per curiam) (*Noble III*) (holding that the issuance of a writ of mandamus would be in vain and useless, despite the fact that the trial judge erred in dismissing the appeal, since notice of appeal was untimely); *Noble v. State*, 326 Ark. 912, 934 S.W.2d 525 (1996) (per curiam) (*Noble IV*) (allowing Appellant to proceed with a belated appeal); *Noble v. State*, CR 96-1442 (Ark. June 11, 1998) (per curiam) (*Noble V*) (holding Appellant was not entitled to pursue a second action for postconviction relief under Rule 37 and, even if he was entitled to file, he could not have prevailed).

As stated above, the present case is an appeal from the trial court's denial of Appellant's second pro se petition for writ of habeas corpus challenging the trial court's subject-matter and statutory jurisdiction pertaining to the court taking Appellant's guilty plea on a Sunday. Specifically, the trial court found that Appellant had failed to state a claim from which habeas relief could be granted.

Appellant's sole argument for reversal is that his petition for writ of habeas corpus should not have been denied because the trial court exceeded its jurisdiction by conducting court and accepting his plea on a Sunday. Specifically, Appellant asserts that the trial court clearly exceeded its statutory jurisdiction under Ark. Code Ann. § 16-10-114 (Repl. 1999) and performed judicial duties on Sunday, October 25, 1992, by accepting his guilty plea and sentencing him to life without parole. Thus, Appellant concludes that the judgment and commitment order is invalid on its face because the trial court exceeded its jurisdiction.

In response to Appellant's argument, the State argues that the trial court's decision to deny habeas relief cannot be clearly erroneous because the state of the law and of the record do not leave one with a definite and firm conviction that a mistake was committed with respect to the question of jurisdiction. In support of its argument, the State claims that section 16-10-114 does not affect a trial court's subject-matter jurisdiction and, therefore, any violation of the statute does not fall within the ambit of habeas relief. Moreover, the State argues that, even if a violation of

section 16-10-114 implicates subject-matter jurisdiction, Appellant failed to establish probable cause to believe that he is being detained unlawfully because of entry of a guilty plea. Finally, the State argues that Appellant did not prove that the date on which he pleaded guilty was a Sunday.[1]

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005). Unless a petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" he or she is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). Moreover, a habeas proceeding does not afford a prisoner an opportunity to retry his or her case and it is not a substitute for direct appeal or postconviction relief. *Friend*, 364 Ark. 315, 219 S.W.3d 123. A hearing is not required if the petition does not allege either of the bases of relief proper in a habeas proceeding, and, even if a cognizable claim is made, the writ does not have to be issued unless probable cause is shown. *Meny v. Norris*, 340 Ark. 418, 13 S.W.3d 143 (2000). Finally, an appeal is the proper procedure for the review of a trial court's denial of a petition for a writ of habeas corpus. *Cleveland v. Frazier*, 338 Ark. 581, 999 S.W.2d 188 (1999).

In the present case, Appellant argues that the trial court acted without subject-matter jurisdiction when it accepted his guilty plea on a Sunday. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Ulmer v. Circuit Court of Polk County*, 366 Ark. 212, 234 S.W.3d 290 (2006). In Arkansas, a circuit court has subject-matter jurisdiction of all justiciable matters. *See* Ark. Const. amend. 80, §§ 6, 19; Ark. Code Ann. § 16-13-201(a) (Supp. 2005). Failure to follow the statutory procedure in the exercise of this power constitutes reversible error but does not oust the jurisdiction of the court. *Banning v. State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987). Thus, the issue is whether section 16-10-114 falls within the purview of subject-matter jurisdiction. It does not.

---

[1] In *Noble V*, an unpublished opinion, this court recognized that the guilty plea was entered on a Sunday. Therefore, the State's latter argument is without merit.

■ Section 16-10-114 states, in relevant part:

(a) No court shall be opened or transact business on Sunday unless it is for the purpose of receiving a verdict or discharging a jury.

. . . .

(c) This section shall not prevent the exercise of the jurisdiction of any magistrate when it may be necessary, in criminal cases, to preserve the peace or arrest the offenders; nor shall this section inhibit the exercise of the jurisdiction of any magistrate on Sunday in disposing of misdemeanor cases where the defendant desires to and does enter a plea of guilty or a plea of nolo contendere.

Upon review, section 16-10-114 is not a statute that confers subject-matter jurisdiction but rather a procedural rule as to when a court may or may not adjudicate a controversy.[2] Thus, even if the court was acting in violation of section 16-10-114, a writ of habeas corpus is not the proper remedy because the failure to follow statutory procedure does not oust the jurisdiction of the trial court and in no way does it impinge upon the trial court's subject-matter jurisdiction to hear criminal cases. Consequently, Appellant's argument that the trial court lacked jurisdiction by acting on a Sunday is without merit.

■ Additionally, a petition for writ of habeas corpus is not the proper method with which to claim a statutory violation. *McKinnon v. Norris*, 366 Ark. 404, 233 S.W.3d 644 (2006) (per curiam). Appellant's argument should have been raised on direct appeal; it was not. Thus, the trial court did not err in denying Appellant's petition for habeas relief.

Affirmed.

DICKEY, J., not participating.

---

[2] Procedural law is "[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." *Black's Law Dictionary* 1241 (8th ed. 2004).