

# SUPREME COURT OF ARKANSAS

No. CV–12–690

| | |
|---|---|
| SHERWOOD GOOCH | **Opinion Delivered** February 20, 2014 |
| APPELLANT | |
| V. | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CV–2012–221–5] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | <u>AFFIRMED</u>. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Sherwood Gooch, an inmate incarcerated in the Arkansas Department of Correction under a sentence of life imprisonment without parole, appeals from the circuit court's order dismissing his petition for writ of habeas corpus directed to appellee Ray Hobbs, Director of the Arkansas Department of Correction. His sole point on appeal is that the circuit court erred in dismissing his petition without holding a hearing. We affirm the circuit court's order.

On April 25, 2012, Gooch filed a pro se petition for writ of habeas corpus. In it, Gooch alleged four bases for issuance of the writ: (1) that he was not sentenced according to statute; (2) that the sentencing court lacked subject-matter jurisdiction; (3) that the sentencing court illegally sentenced him to capital-felony murder when he had been charged with murder in the first degree; and (4) that his constitutional rights were violated when he was sentenced for a crime with which he had not been charged. Relevant to the instant appeal,

Gooch urged that his commitment was invalid on its face because he had been charged with and pleaded guilty to the offense of murder in the first degree, but was sentenced for the offense of capital-felony murder.

Gooch asserted that his judgment and his commitment orders inaccurately stated that he had pleaded guilty to and been sentenced for capital-felony murder, "an offense with which he was never charged." He contended that Arkansas Statutes Annotated § 41-2205 defined the offense of murder in the first degree and that Ark. Stat. Ann. § 41-2227 set forth the penalty therefor of death or life imprisonment, while capital-felony murder was a separate charge defined under Ark. Stat. Ann. § 41-4702, with its sentence being death or life imprisonment without parole pursuant to Ark. Stat. Ann. § 41-4706. Because he was charged with first-degree murder, but was sentenced to life imprisonment without parole for capital-felony murder, Gooch argued, his commitment was invalid on its face, and habeas relief was warranted.[1]

Hobbs opposed Gooch's petition and asserted that Gooch had been properly charged with the "highest homicide offense available" in 1975, which was murder in the first degree, a capital felony. Hobbs contended that, at that time, the sentence authorized for the type of first-degree murder alleged was either death or life imprisonment without parole, as it was a capital-felony offense. More specifically, Hobbs asserted, Ark. Stat. Ann. § 41-2205 was the substantive statute under which Gooch was charged, while Ark. Stat. Ann. §§ 41-4702 and 41-4703 were the statutes that set forth the possible penalties for that charge. Hobbs averred

---

[1]Gooch retained counsel before filing a reply to Hobbs's response to his petition.



that Gooch's "crimes were properly referred to in the body of the judgment as 'capital felony murder,' . . . because they were capital felonies." Likewise, Hobbs claimed, the sentence Gooch received for "capital felony" murder was life without parole; therefore, Hobbs maintained, Gooch's judgment and his commitment orders were not invalid on their face, and his claim was without merit.

The circuit court dismissed Gooch's petition by its order filed July 16, 2012. In the order, the circuit court ruled, in pertinent part, that Gooch's penitentiary commitment order "specifically reads that the petitioner entered a plea of guilty to capital felony murder for two (2) charges. The resulting sentence was within the range of punishment as established by the law at the time he committed the offenses." The order further denied Gooch's request for a hearing, finding that "[w]hile the petition may have stated one cognizable ground for habeas relief, petitioner failed to state probable cause for issuance of the writ." It is from this order that Gooch now appeals.

For his sole point on appeal, Gooch argues that the circuit court erred in dismissing his habeas petition. He claims, as he did below, that murder in the first degree, a capital felony, the offense with which he was charged, and capital–felony murder, the offense for which he was sentenced, are separate offenses with each having a separate penalty. He contends that because his sentencing orders reflect that he was sentenced in accord with the offense of capital–felony murder, an offense with which he had never been charged, his commitment was invalid on its face, and the circuit court erred in dismissing his petition. Hobbs counters that Gooch was sentenced correctly and in accord with the sentencing statutes

in effect at the time.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *See Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006). Unless a petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *See id.* The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" that he or she is illegally detained. Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2006). Moreover, a habeas proceeding does not afford a prisoner an opportunity to retry his or her case and it is not a substitute for direct appeal or postconviction relief. *See Noble*, 368 Ark. 69, 243 S.W.3d 260. A hearing is not required if the petition does not allege either of the bases of relief proper in a habeas proceeding, and, even if a cognizable claim is made, the writ does not have to be issued unless probable cause is shown. *See id.* Lastly, an appeal is the proper procedure for the review of a circuit court's denial of a petition for a writ of habeas corpus. *See id.*

A review of the record in the instant case reveals that the informations filed against Gooch provide that he was charged with three counts of "MURDER IN THE FIRST DEGREE, A CAPITAL FELONY (41-2205)," as he did unlawfully "and feloniously, murder [the victims] during the perpetration of a robbery."[2] The judgment then recited:

---

[2]While there are three informations present in the instant record, it reflects that commitment orders were entered on only two of the three counts.

> [A]fter both the State of Arkansas and the defendant had waived the Jury and the State of Arkansas had waived the death penalty, and by leave of the Court the defendant does enter a plea of guilty to the charge of Capital Felony Murder. The Court, in the presence of defendant and his Counsel, after advising the defendant of his right to a Jury trial, the elements of the crime for which he was charged, and after explaining the effect of the plea of guilty to the defendant, and the defendant admitting to the Court his participation in the crime as charged, the Court accepts the said plea of guilty, and fixes his punishment at Life Without Parole [with credit for time spent in the county jail].

Likewise, the penitentiary-commitment orders reflected the trial court's acceptance of Gooch's "said plea of guilty to the crime of Capital Felony Murder and fixed the defendant's punishment at life without parole."

We must turn then to the statutory provisions in effect at the time of Gooch's offense, which occurred on October 20, 1975. Gooch was charged with first-degree murder pursuant to Ark. Stat. Ann. § 41-2205, which at the time provided:

> All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of wilful, deliberate, malicious and premeditated killing, *or* which shall be committed in the perpetration of or in the attempt to perpetrate, arson, rape, robbery, burglary or larceny, shall be deemed murder in the first degree.

Ark. Stat. Ann. § 41-2205 (Repl. 1964) (emphasis added). This court previously recognized two classes of first-degree murder within that section: (1) those committed in the perpetration of or attempts to perpetrate named crimes; and (2) those committed by wilful, deliberate, malicious, and premeditated killing. *See Walker v. State*, 239 Ark. 172, 388 S.W.2d 13 (1965). With regard to the former of the two classes, we have used the term "felony murder." *See, e.g.*, *Murray v. State*, 249 Ark. 887, 462 S.W.2d 438 (1971).

In 1973, the General Assembly enacted Act 438, which reclassified felonies for the purpose of sentence and further set forth the punishment for each category of felony. *See* Act

438 of 1973; Ark. Stat. Ann. §§ 41-4701 to -4716 (Supp. 1973); *see also Rogers v. State*, 265 Ark. 945, 582 S.W.2d 7 (1979) (per curiam). Arkansas Statutes Annotated § 41-4701 reclassified felonies, for the purpose of sentence, into four categories: (1) capital felony, (2) life felony without parole, (3) life felony, and (4) felony. Section 41-4702 defined the crimes constituting capital felonies and included "the unlawful killing of a human being when committed by a person engaged in the perpetration of or in the attempt to perpetrate arson, rape, robbery, burglary, kidnaping, or mass transit piracy." Ark. Stat. Ann. § 41-4702(A). That section further provided that capital felonies were punishable as provided in Ark. Stat. Ann. § 41-4706. *See id.*

In the instant case, the informations averred that Gooch had committed murder during the course of a robbery, and he was charged with murder in the first degree, a capital felony. In other words, of the two classes of first-degree murder in section 41-2205, Gooch was charged with the class of felony murder. *See, e.g.*, *Murray*, *supra*. Following the passage of Act 483, felony murder was an offense classified as a capital felony.[3] *See* Ark. Stat. Ann. § 41-4702(A); *see also Collins v. State*, 261 Ark. 195, 548 S.W.2d 106 (1977). As it was a capital felony, Gooch's crime was punishable "by death by electrocution or by life imprisonment

---

[3]It is at this point in the analysis that Gooch's argument that he should have received a life sentence under Ark. Stat. Ann. § 41-2227 (Repl. 1964), fails. Indeed, section 41-2227 set forth a penalty for murder in the first degree of "death (by hanging of the neck) [or life imprisonment]." (Brackets and parentheses, indicating insertions by the compiler, in original). However, Act 438 of 1973 reclassified all felonies and established new "sentencing procedures." *Giles v. State*, 261 Ark. 413, 420, 549 S.W.2d 479, 483 (1977), *overruled on other grounds by Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003). When the felony-murder class of first-degree murder was classified as a capital felony, the sentencing provisions of section 41-4706 became apposite.

SLIP OPINION

without parole." Ark. Stat. Ann. § 41–4706; *see also Butler v. State*, 261 Ark. 369, 549 S.W.2d 65 (1977) (acknowledging that the only two alternative punishments for a capital felony were death or life imprisonment without parole). Accordingly, where Gooch was sentenced to life imprisonment without parole on his plea of guilty to capital-felony murder, he was sentenced correctly and in accord with the apposite sentencing statutes. Because Gooch's judgment of conviction was not illegal on its face, habeas relief was not warranted, and the circuit court did not err in dismissing Gooch's petition.

Affirmed.

*Stuart Vess*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.