SLIP OPINION

Cite as 2014 Ark. 267

# SUPREME COURT OF ARKANSAS

No. CV–13–1116

| | |
|---|---|
| JEFFERY BROWN<br>APPELLANT | **Opinion Delivered** June 5, 2014 |
| V. | APPEAL FROM THE LINCOLN<br>COUNTY CIRCUIT COURT<br>[NO. LCV-13-80] |
| RAY HOBBS, DIRECTOR OF THE<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

On May 18, 1982, Jeffery Brown entered a guilty plea to first–degree murder in the Clark County Circuit Court and was sentenced to life imprisonment. On June 24, 2013, Brown filed a petition for writ of habeas corpus alleging that he was being held without lawful authority pursuant to *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012), and *Jackson v. Norris*, 2013 Ark. 175, ___ S.W.3d ___. Brown asserted that his sentence to life imprisonment was illegal because he was a juvenile at the time of the offense and the sentencing court did not consider his youth as required by *Miller* and *Jackson*.[1] On August 23, 2013, the State filed a "Memorandum in Response to the Petition for Writ of Habeas Corpus" and asserted, among other things, that *Miller* and *Jackson* were not applicable to Brown's case.

---

[1]Brown asserts that at the time of the offense he was 17 years old.

SLIP OPINION

On October 1, 2013, the circuit court dismissed Brown's petition. Brown brought this appeal and presents one issue: (1) the circuit court erred in dismissing his habeas petition because the Eighth Amendment and *Miller* and *Jackson* require consideration of mitigating factors regarding his youth prior to sentencing.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006). Unless a petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id*. The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" that he or she is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). Moreover, a habeas proceeding does not afford a prisoner an opportunity to retry his or her case and it is not a substitute for direct appeal or postconviction relief. *See Noble*, 368 Ark. 69, 243 S.W.3d 260. A hearing is not required if the petition does not allege either of the bases of relief proper in a habeas proceeding; even if a cognizable claim is made, the writ does not have to be issued unless probable cause is shown. *Id*. Finally, an appeal is the proper procedure for the review of a circuit court's denial of a petition for a writ of habeas corpus. *Id*.; *Gooch v. Hobbs*, 2014 Ark. 73, ___ S.W.3d ___.

At issue is the circuit court's October 1, 2013 order denying Brown's habeas petition, which states in pertinent part:

> [Brown's] claim that he received a mandatory sentence of life is a misstatement of the facts. Although the original charge was capital murder which is punishable by life

2

without parole or the death penalty, Mr. Brown entered a negotiated plea of guilty to the reduced charge of murder in the first degree. [Brown] admits that on the date he committed the offense the range of punishment for murder in the first degree was not less than ten years nor more than forty years, or life in the Arkansas Department of Correction. Of the range of punishment available for a conviction on murder in the first degree, [Brown] accepted the State's offer for a sentence of life. The United States Supreme Court held in *Miller* that a mandatory sentence of life without parole for defendants who were under the age of eighteen on the date they committed the crime violates the Eighth Amendment to the Constitution of the United States. Life was not a mandatory sentence. Therefore, the holding in *Miller* does not render [Brown's] life sentence invalid. *Murry v. Hobbs*, 2013-64 (February 14, 2013).

In *Miller*, the United States Supreme Court held that the mandatory life-without-the-possibility-of-parole sentence was unconstitutional as to juveniles. The Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders. . . . Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Miller*, ___ U.S. at ___, 132 S. Ct. at 2469 (internal quotations and citations omitted). In *Jackson*, 2013 Ark. 175, ___ S.W.3d ___, on remand to this court, we severed the language of our capital-murder statute as it applies to juveniles to remove the mandatory sentencing of life without parole, granted Jackson's writ of habeas corpus, and remanded Jackson's case to the circuit court for resentencing to comply with *Miller*. In *Murry v. Hobbs*, 2013 Ark. 64 (per curiam), we held that "*Miller* is only applicable in Arkansas when a mandatory life sentence is imposed without the sentencer's being able to 'take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.'" *Hobbs*, 2013 Ark. 64, at 3

(quoting *Miller*, [___ U.S. at ___,] 132 S.Ct. at 2469).

Based on these cases, Brown asserts that his sentence is illegal on its face. Brown contends that the circuit court misapplied *Miller*, *Jackson*, and *Murry* because *Miller*, and this court's decision in *Jackson*, "demand further care" than only mandatory sentences and the circuit court erred by not granting relief. Specifically, Brown argues that in *Miller*, the Court held that an offender's age is relevant to all sentencings and requires the sentencer to "take Brown's youthfulness into account." Additionally, Brown contends that in *Jackson* this court held that resentencing was required not because Jackson's sentence was mandatorily imposed, but because the sentencer did not consider Jackson's youth. Brown further asserts that this court's opinion in *Murry* has conflicting language because it "seemed to support the restrictive view of *Miller* – that it only applied to mandatory sentences. Nonetheless, this court's holding explicitly espoused some underlying principles of *Miller* . . . and a scheme . . . for individualized sentencing for those juveniles who were convicted in adult court."

In sum, Brown contends that *Miller* and *Jackson* hold that, whether or not the sentence was mandatorily imposed, *Miller* applies to a juvenile who is sentenced to a nonmandatory life sentence and requires the sentencer to consider youthfulness factors. Here, the circuit court accepted Brown's plea and imposed his life sentence. Accordingly, Brown asserts that circuit court, the sentencer, erred in imposing his sentence because it did not consider his youth and other mitigating factors. Thus, the order is illegal on its face.

The State responds that Brown did not preserve his *Miller* argument regarding nonmandatory life sentences. The State further responds that Brown's argument fails on the

4

merits as well because *Miller* does not apply to nonmandatory life sentences. Additionally, the State responds that Brown's argument is foreclosed by *Murry* where this court held that *Miller* did not extend to a nonmandatory life sentence for first-degree murder.

Brown's negotiated plea and sentence were for first-degree murder. Under the applicable statutes, murder in the first degree was a Class A felony. Ark. Stat. Ann. §§ 41-803(3),[2] 41-901, and 41-1502(3) (Supp. 1981). A defendant convicted of a Class A felony at that time could have been sentenced to a term of imprisonment "not less than ten (10) years to no more than forty (40) years, or life." Ark. Stat. Ann. § 41-901(1)(a).

When we review § 41-901(1)(a) with the applicable case law, "*Miller* prohibits a sentencing scheme that *mandates* life in prison without the possibility of parole for juvenile offenders." *Hobbs v. Turner*, 2014 Ark. 19, at 3, ___ S.W.3d ___, ___. In *Murry*, 2013 Ark. 64, this court explained,

> [I]n *Miller*, the Supreme Court explicitly held that the Eighth Amendment's protections against cruel and unusual punishment forbid a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders. *See Miller*, 132 S.Ct. at 2464, 2469. Thus, *Miller* is only applicable in Arkansas when a mandatory life sentence is imposed without the sentencer's being able to 'take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.' *Id*. at 2469.

*Murry*, 2013 at 3–4.

We concluded that because Murry's life sentence for first-degree murder was not mandatory, *Miller* was "simply inapposite." *Id*. at 4; *see also Britt v. State*, 2014 Ark. 134, at 4 (We

---

[2]Ark. Stat. Ann. § 41-803(2) provides the only mandatory life sentence at the time of Brown's offense.

SLIP OPINION

reaffirmed our holding in *Murry*, concluding that because Britt's life sentence for first-degree murder was not mandatory, his sentence was not illegal under *Miller*.); *see also Smith v. Hobbs*, 2014 Ark. 204 (explaining that, "given our holdings in *Murry*, *Turner*, and *Britt*, we again hold that *Miller* is inapplicable, as Smith's 1977 sentence to life imprisonment for first-degree murder [pursuant to § 41–1502(3) (Repl. 1977)] was not mandatory."). Accordingly, *Miller* and *Murry* do not support Brown's position because his life sentence for first-degree murder was a discretionary determination, not less than ten (10) years to no more than forty (40) years, or life, and was not a mandatory sentence.

Further, Brown asserts that our decision in *Jackson* supports his position that the circuit court erred. However, *Jackson* is distinguishable from Brown's case. In *Jackson*, Jackson's life sentence was mandatory, in violation of the Supreme Court's decision in *Miller*. Thus, we remanded the case to the circuit court and directed the sentencing court to hold a "sentencing hearing where Jackson may present *Miller* evidence for consideration." *Jackson*, 2013 Ark. at 9, ___ S.W.3d at ___. Jackson was sentenced under a sentencing scheme that did not include *any* consideration of mitigating factors, including youth, because the statute was mandatory. Accordingly, because Jackson was mandatorily sentenced, the case was remanded for Jackson to present evidence and to have it be considered on resentencing. Here, Brown's sentence was discretionary, and the range for first-degree murder included ten to no more than forty years' imprisonment, or life. Stated differently, Brown was not mandatorily sentenced to life in prison but to a discretionary sentence that included a range; therefore unlike in *Jackson* and *Miller*, the circuit court was not precluded from considering

his youth.

Based on our discussion above, we affirm the circuit court because Brown failed to show that the circuit court lacked jurisdiction or that his commitment was invalid on its face.

Affirmed.

*Marion A. Humphrey*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.