SLIP OPINION

Cite as 2017 Ark. 279

# SUPREME COURT OF ARKANSAS.
**No.** CV-17-355

| | |
|---|---|
| RICKEY TYRONE TAYLOR<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 19, 2017<br><br>PRO SE MOTIONS FOR EXTENSION OF BRIEF TIME, FOR APPOINTMENT OF COUNSEL, AND FOR DUPLICATION OF MOTION FOR APPOINTMENT OF COUNSEL AT PUBLIC EXPENSE<br>[LEE COUNTY CIRCUIT COURT, NO. 39CV-15-128]<br><br>APPEAL DISMISSED; MOTIONS MOOT. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Rickey Tyrone Taylor appeals from the denial by the circuit court of his pro se petition for writ of habeas corpus. He subsequently filed four motions for extension of time to file his brief-in-chief, a motion for appointment of counsel, and a motion for duplication of the motion for appointment of counsel at public expense. Taylor argued in his habeas petition that he should be permitted to withdraw his plea of guilty because the State did not abide by the terms of the negotiated plea agreement and because he did not agree when he entered his plea to serve seventy percent of his sentence before becoming eligible for parole. He conceded that the original judgment and sentence were valid, but he contended that the failure of the State to abide by the terms of the plea agreement rendered the judgment in his case void. Because Taylor failed to state a ground for the

issuance of a writ of habeas corpus, it is clear from the record that he could not prevail on appeal, we dismiss the appeal, and the motions are therefore moot.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward when it is clear that the appellant could not prevail. *See Green v. State*, 2016 Ark. 386, 502 S.W.3d 524 (Appeal from a postconviction order was dismissed when it was clear from the record that the appellant could not prevail.).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court

lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Taylor did not state a ground for the writ. A petition to withdraw or otherwise vacate a plea of guilty must be filed pursuant to our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (2016). *See Webb v. State*, 365 Ark. 22, 223 S.W.3d 796 (2006). Claims of an involuntary plea or of improper plea procedures also do not raise a question of a void or illegal sentence that may be addressed in a habeas proceeding. *Barber v. Kelley*, 2017 Ark. 214. A habeas corpus proceeding is not a substitute for filing a timely petition for postconviction relief under the Rule. *Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006). Likewise, habeas proceedings do not extend to issues of parole eligibility. *See Blevins v. Norris*, 291 Ark. 70, 722 S.W.2d 573 (1987); *see also Johnson v. State*, 2012 Ark. 212 (Parole eligibility falls clearly within the domain of the executive branch and specifically the Arkansas Department of Correction, as fixed by statute.).

Appeal dismissed; motions moot.