JOHN DAN KEMP, Chief Justice
Appellant Ivory Joe Love appeals the dismissal by the circuit court of his petition for writ of habeas corpus. Now before us is Love's motion for an extension of time to file his brief-in-chief. As there was clearly no ground stated in the petition on which a writ of habeas corpus could be issued, the appeal is dismissed, and the motion is moot. A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Hobbs v. Gordon , 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward when it is clear that the appellant could not prevail. See Green v. State , 2016 Ark. 386, 502 S.W.3d 524.
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. Baker v. Norris , 369 Ark. 405, 255 S.W.3d 466 (2007). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. Id. Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that the petitioner is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Fields v. Hobbs , 2013 Ark. 416, 2013 WL 5775566.
Love, who entered a plea of guilty in 1995 to first-degree murder and was sentenced to life imprisonment, argued in his habeas petition that the writ should *147 issue because it was his understanding at the time of the plea that he would be sentenced to thirty-two years' imprisonment. Love did not contend that the sentence imposed was outside the statutory range for the offense or otherwise make a showing that he was being illegally detained, and he offered no facts to support his conclusory assertion that the trial court was without jurisdiction to enter the judgment.
Love's petition was an attack on the guilty plea that he entered in 1995, and a petition challenging a plea of guilty must be filed pursuant to our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (1995). See Webb v. State , 365 Ark. 22, 223 S.W.3d 796 (2006). The writ will not be issued to correct errors or irregularities that occurred in a guilty-plea proceeding. Barber v. Kelley , 2017 Ark. 214, 2017 WL 2473267. A habeas corpus proceeding is not a substitute for filing a timely petition for postconviction relief under the Rule. Noble v. Norris , 368 Ark. 69, 243 S.W.3d 260 (2006).
Appeal dismissed; motion moot.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
Mr. Love has not yet perfected his appeal, so this court's jurisdiction is limited to hearing his motion for an extension of time to file his brief. Accordingly, while it is permissible for this court to dismiss Mr. Muldrow's appeal because he did not timely file his brief, it is most certainly not proper to "dismiss" his appeal on the merits and declare the motion "moot."
I dissent.