Cite as 2021 Ark. App. 170

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-380

|  |  |
|---|---|
| IAN BAYLEE MOYTOY<br><br>V.<br><br>STATE OF ARKANSAS | **Opinion Delivered:** April 14, 2021 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NO. 60CR-19-4180] |
| APPELLEE | HONORABLE BARRY SIMS, JUDGE<br><br>DISMISSED |

## MIKE MURPHY, Judge

With the assistance of counsel, appellant Ian Moytoy pleaded guilty to one count of theft of property, a Class B felony. Moytoy received a five-year sentence in the Arkansas Department of Correction (ADC) to run concurrently with the "federal time" that he was currently serving. On appeal, he argues that the circuit court erred in denying his motion to withdraw his plea. We dismiss Moytoy's appeal for lack of jurisdiction.

On March 11, 2020, the circuit court entered the sentencing order that reflected Moytoy's plea. On April 8, Moytoy filed a pro se "motion to withdraw plea pursuant to Arkansas Rule of Criminal Procedure 26(b), motion to correct illegal sentence pursuant to A.C.A sec. 16-90-11; or in alternative rule 37." The motion alleged that he did not receive the benefit he bargained for in his plea deal. Specifically, Moytoy contended that he agreed to plead guilty to a sentence of five years' imprisonment to run concurrently with a federal

prison sentence that he was already serving and that he serve his time in federal prison—not in the ADC. At the time of the motion, Moytoy alleged he was serving his time at an ADC unit. Because it was filed after the first sentencing order, it is treated as a petition under Rule 37, and not a plea withdrawal. *See Webb v. State*, 365 Ark. 22, 24, 223 S.W.3d 796, 798 (2006) (holding that when a motion to withdraw a guilty plea is filed after the sentencing order, we review it on appeal as a motion for postconviction relief under Rule 37). The court denied the petition in an order entered on May 26, 2020, after addressing the merits. However, because the petition was not verified, it should have been dismissed under Rule 37.1(d) for lack of jurisdiction:

> Rule 37.1(c) requires that the petition be accompanied by an affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete to the best of petitioner's knowledge and belief. Rule 37.1(d) requires that the circuit court reject an unverified petition and that the circuit court or the appellate court dismiss a petition that fails to comply with Rule 37.1(c).

*Brown v. State*, 2015 Ark. 97, at 2.

The verification requirement for a postconviction petition is of substantive importance to prevent perjury. *Id.* A circuit court lacks jurisdiction to consider arguments raised in an unverified Rule 37.1 petition. *Id.* When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Id.*

Dismissed.

KLAPPENBACH and GRUBER, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.