Cite as 2021 Ark. App. 341

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-20-535

|  |  |  |
|---|---|---|
| TED HAMILTON | | **Opinion Delivered** September 22, 2021 |
| | APPELLANT | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT |
| V. | | [NOS. 29CR-18-334 & 29CR-18-335] |
| STATE OF ARKANSAS | | HONORABLE DUNCAN CULPEPPER, JUDGE |
| | APPELLEE | |
| | | DISMISSED |

## BART F. VIRDEN, Judge

Appellant Ted Hamilton appeals the Hempstead County Circuit Court's denial of his motion to withdraw a guilty plea. Hamilton argues on appeal that the circuit court erred in not treating his untimely motion to withdraw a guilty plea as a timely petition seeking postconviction relief pursuant to Ark. R. Crim. P. 37.1 and that the circuit court further erred in denying the petition without a hearing. The State agrees that the circuit court erred in not treating the motion as a petition for postconviction relief; nevertheless, we dismiss the appeal.

I. *Background*

On August 19, 2019, with the assistance of counsel, Hamilton pleaded guilty in two theft cases and was sentenced as a habitual offender to 180 months' imprisonment. The sentencing order was entered September 5. On October 11, Hamilton filed a pro se motion to withdraw his guilty plea based on his assertion that the sentence did not reflect what he

had agreed to during plea negotiations with the prosecutor. On March 16, 2020, the circuit court denied Hamilton's motion because it was untimely given that judgment had already been entered. On March 26, Hamilton filed a notice of appeal from the circuit court's order denying his motion to withdraw the guilty plea.[1]

## II. *Discussion*

Pursuant to Ark. R. Crim. P. 26.1(a), a plea of guilty or nolo contendere may not be withdrawn under this rule after entry of judgment. When a motion to withdraw a guilty plea is untimely, it should be treated by the circuit court—and will be reviewed on appeal by this court—as a petition for postconviction relief under Ark. R. Crim. P. 37.1. *See Webb v. State*, 365 Ark. 22, 223 S.W.3d 796 (2006). An appeal from an order denying a petition for postconviction relief will not be allowed to proceed when it is clear that the appellant could not prevail. *Martin v. State*, 2012 Ark. 312 (per curiam).

Here, the State concedes that the circuit court erred in not treating Hamilton's untimely motion to withdraw his guilty plea as a petition for postconviction relief; however, the State argues that Hamilton could not prevail on the merits and that this court should affirm the denial of postconviction relief.[2] We need not address the merits of this appeal

---

[1]On February 7, 2020, Hamilton filed a verified Rule 37 petition seeking enforcement of the plea bargain. On March 12, the circuit court denied Hamilton's petition as untimely because it was filed more than ninety days after entry of judgment. *See* Ark. R. Crim. P. 37.2(c). Hamilton did not appeal the circuit court's separate orders denying his Rule 37 petition. On March 18, Hamilton filed a motion seeking to amend his motion to withdraw a guilty plea to reflect that it was a petition for postconviction relief. No ruling was obtained. These matters are not before us. *See Crain v. State*, 2009 Ark. 512.

[2]In a footnote in its statement of the case, the State asserts that Hamilton is not currently incarcerated. Pursuant to Rule 37.1(a), postconviction relief is available to a

2

because Hamilton's untimely motion to withdraw his guilty plea, which we treat as a petition for postconviction relief, was not verified. We recognize that there is no verification requirement for a motion to withdraw a guilty plea under Rule 26.1.

A petition for postconviction relief, however, must be verified pursuant to Rule 37.1(c). The verification requirement is of substantive importance to prevent perjury. *Crain*, *supra*. Specifically, Rule 37.1(c) provides that the petition shall be accompanied by the petitioner's affidavit, sworn to before a notary or other officer authorized by law to administer oaths, stating that he or she has read the petition for postconviction relief and that the facts stated in the petition are true, correct, and complete to the best of the petitioner's knowledge and belief. Further, subsection (d) of the rule provides that the circuit court or any appellate court shall dismiss a petition that fails to comply with subsection (c) of this rule. *See, e.g., Keck v. State*, 2013 Ark. 139 (dismissing appeal from order denying untimely motion to withdraw guilty plea because it had not been verified); *Crain*, *supra* (holding that dismissal of untimely motion to withdraw guilty plea, which circuit court treated as petition for postconviction relief, was appropriate because the motion had not been verified); *see also Moytoy v. State*, 2021 Ark. App. 170 (holding that circuit court's order denying untimely motion to withdraw guilty plea after a decision on merits should have been treated as petition for postconviction relief and dismissed because it had not been verified). Because Hamilton's untimely motion to withdraw his guilty plea, which this court

---

petitioner *in custody* under sentence of a circuit court. We do not address this issue because we conclude that there was not compliance with Rule 37.1(c).

treats as a petition for postconviction relief, was not verified as required by Rule 37.1(c), we must dismiss the appeal.

Dismissed.

ABRAMSON and HIXSON, JJ., agree.

*Ted Hamilton*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.