Cite as 2023 Ark. 27
# SUPREME COURT OF ARKANSAS
No. CV-21-120

| | | |
|---|---|---|
| | | **Opinion Delivered:** March 9, 2023 |
| JEFFERY BROWN | | |
| | APPELLANT | APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CV-20-39] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | |
| | | |
| | | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Jeffery Brown appeals the Lincoln County Circuit Court's order dismissing his petition for writ of habeas corpus. For reversal, Brown argues that the circuit court erred because his sentencing order was facially invalid. We affirm.

## I. *Facts*

In December 1981, Brown, age seventeen, was charged with the capital felony murders of Steve and Diane Francis committed in connection with a robbery. On May 18, 1982, the Clark County Circuit Court entered a judgment and commitment order reflecting Brown's guilty plea to a reduced charge of first-degree murder, a Class Y felony. *See* Ark. Stats. Ann. § 41-1502(3) (Supp. 1981). The circuit court sentenced him to a term of life imprisonment to be served in the Arkansas Department of Correction. *See* Ark. Stats. Ann. § 41-901(1)(a) (Supp. 1981).

On June 24, 2013, Brown filed a pro se petition for writ of habeas corpus alleging that he had been held unlawfully pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), and its companion case, *Jackson v. Hobbs*, 567 U.S. 460 (2012). He asserted that his sentence of life imprisonment was illegal because he was a juvenile at the time of the offense and that the sentencing court did not consider his youth, as required by *Miller* and *Jackson*. The circuit court dismissed Brown's petition. We affirmed the circuit court's dismissal in *Brown v. Hobbs*, 2014 Ark. 267. In *Brown*, we held that *Miller* did not apply and that Brown's sentence was discretionary because, at the time of his offense, the sentencing range for first-degree murder was not less than ten years and not more than forty years, or life. *Id.* at 6; Ark. Stats. Ann. § 41-901(1)(a). We further opined that Brown was not mandatorily sentenced to life in prison but to a discretionary sentence that included a range of years; therefore, unlike *Miller* and *Jackson*, the circuit court in *Brown* was not precluded from considering his youth. *Id.* at 6–7; *see also Murry v. Hobbs*, 2013 Ark. 64, at 4 (per curiam) (holding that "[b]ecause [Murry's] life sentence was not mandatory, but was instead chosen from a range of possible punishments, he [could not] demonstrate that his sentence [was] illegal under *Miller*").

On March 4, 2020, through his counsel, Brown filed a petition for writ of habeas corpus seeking to invalidate his sentence. In this petition, he again asserted that *Miller* applied because he had been sentenced to mandatory life imprisonment for his first-degree murder conviction. On May 5, 2020, the circuit court entered an order dismissing Brown's petition for writ of habeas corpus and found that Brown had received a sentence of life imprisonment out of a discretionary range of ten to forty years, or life, in the Arkansas

2

Department of Correction. The circuit court stated that "[l]ife was not a mandatory sentence. Therefore, the holding in *Miller* does not render the petitioner's life sentence invalid." Brown timely filed his notice of appeal.

## II. *Juvenile Sentencing*

For his sole point on appeal, Brown argues that the circuit court erred because his sentencing order was facially invalid. Specifically, he contends that his sentence of life was the equivalent of a sentence to life without parole, thereby making his sentence facially invalid.

The law-of-the-case doctrine prohibits a court from reconsidering issues of law or fact that have already been decided on appeal and serves to effectuate efficiency and finality in the judicial process to avoid reconsideration of matters once decided. *Pitts v. State*, 2020 Ark. 7, at 9, 591 S.W.3d 786, 792. Under the law-of-the-case doctrine, the decision of an appellate court establishes the law of the case for the trial court upon remand and for the appellate court itself upon subsequent review. *Id.*, 591 S.W.3d at 792–93. Similarly, an issue-preclusion analysis under res judicata is used in postconviction proceedings, and under that analysis, a decision by a court of competent jurisdiction on matters that were at issue and that were directly and necessarily adjudicated bars any further litigation by the plaintiff or his privies against the defendant or his privies on the same issues. *Id.*, 591 S.W.3d at 793.

*Brown* is dispositive of the case at bar. Because Brown now presents the same issue— whether *Miller* invalidates his life sentence—that he did in *Brown*, 2014 Ark. 267, his

3

argument is barred by the issue-preclusion element of res judicata. Thus, we hold that the circuit court properly denied habeas relief, and accordingly, we affirm.

Affirmed.

WEBB, J., concurs.

**BARBARA W. WEBB, Justice, concurring.** I agree that the Lincoln County Circuit Court did not err in dismissing Jeffery Brown's habeas petition because his counsel asserted the exact factual predicate and legal argument that Brown himself had raised in a pro se petition that he filed in 2014. *Brown v Hobbs*, 2014 Ark. 267. This current filing constitutes abuse of the writ.

We have applied the abuse-of-the writ doctrine 66 times, most recently in *Trammel v. Payne*, 2022 Ark. 76, an opinion handed down on April 7 of last year. We recently described the doctrine in *Jackson v. Kelley*, 2020 Ark. 251, at 4, 602 S.W.3d 739, 742:

> The abuse-of-the-writ doctrine may apply in habeas proceedings to subsume res judicata when the petitioner raises the same arguments addressed previously without bringing forward additional facts that would support his or her argument. *Watts v. Kelley*, 2019 Ark. 207, 575 S.W.3d 558. Jackson has raised the same claims for relief that he had raised in this previous petition for habeas relief, and they were found to be without merit. *Jackson*, 07-785 (Ark. Dec. 4, 2008). The repetition of his previous claims represents an abuse of the writ. For these reasons, the circuit court did not clearly err when it dismissed Jackson's petition on the basis that Jackson's claims had been previously raised and rejected.

The abuse-of-the-writ-doctrine has been a standard part of habeas corpus jurisprudence since it was announced by the Supreme Court of the United States in *Wong*

*Doo v. United States*, 265 U.S. 239 (1924). It specifically addresses repetitious filings of habeas petitions. [1] I therefore respectfully concur.

*Josh Q. Hurst*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

---

[1] To the extent that res judicata is even mentioned in our habeas cases, it is associated with the law-of-the-case doctrine. *See Douglas v. State*, 2014 Ark. 485 (per curium) (issue decided in direct appeal); *Loftis v. Hobbs*, 2013 Ark. 352 (per curium) (issue previously decided in revocation appeal); *Strong v. Hobbs*, 2013 Ark. 376 (per curium) (issue previously decided in appeal of motion to vacate a judgment).