Cite as 2023 Ark. App. 437

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-22-291

| | | |
|---|---|---|
| | | Opinion Delivered October 4, 2023 |
| JAMES E. RICKS, JR. | APPELLANT | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, NORTHERN DISTRICT |
| V. | | [NO. 01SCR-18-23] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE DONNA GALLOWAY, JUDGE |
| | | DISMISSED |

## STEPHANIE POTTER BARRETT, Judge

Appellant James Ricks, Jr., pro se, appeals from his guilty plea entered in the Arkansas County Circuit Court, alleging that the court erred by failing to rule upon his pending motion to dismiss prior to his guilty plea and for not allowing him to withdraw his involuntary guilty plea. We dismiss Rick's appeal for lack of jurisdiction.

On February 9, 2018, the State charged Ricks as a habitual offender with one count each of first-degree battery, possession of a firearm by certain persons, and theft by receiving a firearm worth less than $2,500 for conduct that occurred on January 19, 2018. Ricks was appointed a public defender on March 28, 2018, and a jury trial was set for May 24, 2018.

On August 6, 2018, Ricks alleged he filed a *pro se* motion to dismiss, although an attorney represented him. The court did not rule on the motion. However, in reading the

motion, it did not allege a speedy-trial violation that was cognizable. Instead, it merely claimed, "It's evident that rescheduled court dates and prolonged excuses has the prosecution in doubt." Thereafter, Ricks successfully moved to continue the trial no less than seven times. Various other continuances were granted—including on the State's motion, *sua sponte* by the circuit court, and by order of the Arkansas Supreme Court—and the trial was eventually continued to May 17, 2021.

Ricks claims that on the morning of the trial, he appeared before the circuit court and raised the issue of his motion to dismiss not having been ruled on, and further claims the court refused to entertain his motion. Ricks then entered his guilty plea, with full knowledge that his motion had not been ruled on. The judgment and sentencing order was entered three days later on May 20, 2021.

On July 7, 2021, Ricks moved to withdraw his plea, alleging it was involuntary because the circuit court had not ruled on his motion to dismiss he alleges he filed on February 14, 2019.[1] The court denied his motion to withdraw his plea of guilty on September 23, 2022. Ricks filed a timely appeal.

Ricks argues that the court refused to rule on his motion to dismiss the morning of the trial, and because the court refused to rule on his motion, his plea was not voluntary. Ricks further argues that because his plea was not voluntary, the circuit court erred in

---

[1]A motion to dismiss is not found in the record for February 14, 2019, although there is a criminal docket notation that one was filed.

denying his motion to withdraw his guilty plea. However, this court will not reach the merits of his argument because his motion to withdraw his guilty plea was not timely.

Rule 26.1 of the Arkansas Rules of Criminal Procedure gives a defendant the right to withdraw his guilty plea. However, the defendant must do so before sentencing or entry of judgment. *Seek v. State*, 330 Ark. 833, 957 S.W.2d 709 (1997); *Webb v. State*, 365 Ark. 22, 24, 223 S.W.3d 796, 798 (2006). Ricks did not file his motion until three days after the judgment and commitment order had been entered, making it untimely. When a motion to withdraw a guilty plea is untimely, we review it on appeal as a motion for postconviction relief under Arkansas Rule of Criminal Procedure 37. *Webb, supra.* However, this court has held, pursuant to Rule 37, that a postconviction-relief petition must be verified. *Shaw v. State*, 363 Ark. 156, 211 S.W.3d 506 (2005) (per curiam). The verification requirement for a postconviction petition is of substantive importance to prevent perjury. *Moytoy v. State*, 2021 Ark. App. 170, at 2. Ricks did not verify his petition to withdraw his guilty plea filed after the entry of the judgment and commitment order. Without a valid petition for postconviction relief, the circuit court lacked jurisdiction to hear appellant's argument. *Id.* When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Id.*

Dismissed.

THYER and WOOD, JJ., agree.

*James E. Ricks, Jr.*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.